Bailey *v.* Metropolitan Property & Liability Ins. Co.

ROBERT BAILEY *vs*. METROPOLITAN PROPERTY AND LIABILITY
INSURANCE COMPANY.

Worcester. March 6, 1987. — April 3, 1987.

Present: GREANEY, C.J., GRANT, & PERRETTA, JJ.

*Collateral Estoppel. Res Judicata. Arbitration,* Issue preclusion, Parties,
Judicial review, Finality of decision. *Practice, Civil,* Parties.

A party to a civil action who was not involved in a prior arbitration may
use the award in that arbitration to bind an opposing party if the party
to be bound, or a privy, was before the arbitrator and had a full and
fair opportunity to litigate the issue on which he is to be bound, and if
the issue was actually decided by the arbitrator or was necessary to his
decision. [36-37]

An arbitration proceeding conducted according to the rules of the American
Arbitration Association for commercial arbitration afforded a plaintiff a
full and fair opportunity to litigate the issue of the damages he had
suffered as the result of an automobile collision, and, therefore, the
arbitrator's decision awarding him damages against the insurer of the
automobile precluded the plaintiff from pursuing the issue of damages
in a subsequent civil action against a different insurer. [37-38]

Where an arbitrator's award of damages against an insurance company was
governed by the general rule that a plaintiff is entitled to only one
recovery in a personal injury action for all past and reasonably expected
future losses and injuries, the plaintiff's allegation, in a subsequent
action against a different insurance company, that he had suffered "a
worsening of his condition, leading to additional medical bills . . .,"
had no effect upon the finality or the preclusive effect of the arbitrator's
decision. [39]

CIVIL ACTION commenced in the Superior Court Department
on March 6, 1985.

The case was heard by *George C. Keady, Jr.,* J., on a
motion for summary judgment.

*James N. Wittorff* for the plaintiff.

*John G. Bagley* for the defendant.

GREANEY, C.J. The plaintiff has appealed from a judgment of the Superior Court which declared that he was barred from proceeding against the defendant to recover on underinsurance clauses in two of the defendant's automobile insurance policies. See G. L. c. 175, § 113L. The judge based his decision on provisions of the policies which required the plaintiff to exhaust the limits of other applicable underinsurance coverages before proceeding against the defendant on its underinsurance coverage. Since the plaintiff had not done so, the judge ruled that he could not pursue his claims against the defendant. We conclude that it is not necessary to reach the question of the validity or application of that provision because the plaintiff is barred from recovery under principles of issue preclusion.

The facts have been agreed. On June 5, 1983, the plaintiff was injured when an automobile in which he was a passenger collided with a utility pole. The automobile was insured by Allstate Insurance Company, which paid the plaintiff the limits of its insured's personal injury protection ($2,000), medical payment coverage ($5,000), and optional bodily injury coverage ($25,000). Allstate, however, refused to pay the plaintiff any of the $10,000 available under the owner's underinsurance coverage. The plaintiff, through his counsel, filed a request with the American Arbitration Association demanding payment by Allstate of its $10,000 underinsurance coverage. After an evidentiary hearing, the arbitrator awarded the plaintiff $7,500 of that coverage.

Some time later the plaintiff made claims against the defendant for payment of additional sums under the underinsurance provisions of two motor vehicle insurance policies. One policy covered the plaintiff's automobile, and the other provided coverage to him under his mother's policy. The defendant denied the claims on two grounds: (1) that the arbitrator's award precluded the plaintiff from further pursuing the issue of damages and (2) that the plaintiff was also barred by reason of limitations in the defendant's policies.[1] As has been indi-

---

[1] The limitation, which was in both policies, reads as follows: "If someone covered under this Part [viz., Bodily Injury Caused by An Uninsured or

cated, the judge decided that the limitation was valid and that because the plaintiff has not exhausted the underinsurance available under Allstate's policy, he was prohibited from pursuing his claims against the underinsurance available under the defendant's policies.

We think the case should be decided solely on the ground of issue preclusion. "A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . . .' *Montana* v. *United States,* 440 U.S. 147, 153 (1979), quoting *Southern Pac. R.R.* v. *United States,* 168 U.S. 1, 48-49 (1897)." *Fidler* v. *E. M. Parker Co.,* 394 Mass. 534, 539 (1985). For this principle of preclusion to operate it is no longer necessary that there be an identity of defendants. In *Home Owners Fed. Sav. & Loan Assn.* v. *Northwestern Fire & Marine Ins. Co.,* 354 Mass. 448, 455 (1968), it was held that "one not a party to the first action may use a judgment in that action defensively against a party who was a plaintiff in the first action on the issues which the judgment decided." The core inquiry is whether the issue on which preclusion is sought has been "the product of full litigation and careful decision." *Ibid.*

An arbitration decision can have preclusive effect in the sense described. Restatement (Second) of Judgments § 84 (1982). See *Louison* v. *Fischman,* 341 Mass. 309 (1960) (barring an action of tort between the same parties where the controversy giving rise to the action had been previously submitted to arbitrators to make a final determination of the whole dispute). "When arbitration affords opportunity for presentation of evidence and argument substantially similar in form and scope to judicial proceedings, the award should have the same effect on issues necessarily determined as a judgment has.

---

Underinsured Auto] is using an auto he or she does not own at the time of the accident, the owner's Uninsured or Underinsured Auto insurance [here Allstate] must pay its limits before we pay."

Economies of time and effort are thereby achieved for the prevailing party and for the tribunal in which the issue subsequently arises." Restatement (Second) of Judgments § 84 (1982), comment c. The decisional law strongly supports this rule. See cases collected in the Reporter's Note to Restatement (Second) of Judgments § 84 (1982), comment c, and in *Kemling* v. *Country Mut. Ins. Co.*, 107 Ill.App.3d 516, 518 (1982). We see no reason why the rule should not extend as well to "a defendant who was not a party to the earlier [arbitration] . . . if the plaintiff had a full and fair opportunity [in the arbitration] to litigate the issue, and if equitable considerations otherwise warrant precluding relitigation." *Fidler* v. *E. M. Parker Co.*, 394 Mass. at 541. See *Schwartz* v. *Public Admr. of the County of Bronx*, 24 N.Y.2d 65 (1969). See also G. L. c. 251, § 14, which provides upon the confirmation of an arbitration award for the entry of a judgment which "shall . . . be enforced as any other judgment."

We conclude that a party not involved in a prior arbitration may use the award in that arbitration to bind his opponent if the party to be bound, or a privy, was before the arbitrator, had a full and fair opportunity to litigate the issue, and the issue was actually decided by the arbitrator or was necessary to his decision. See *Schwartz* v. *Public Admr. of the County of Bronx, supra; Greenblatt* v. *Drexel Burnham Lambert, Inc.*, 763 F.2d 1352, 1360 (11th Cir. 1985). See also *Albano* v. *Jordan Marsh Co.*, 5 Mass. App. Ct. 277, 279 (1977). The burden of showing that the issue in question was actually decided or necessary to the arbitrator's decision is on the party asserting preclusion while the party potentially subject to preclusion has the burden of showing that he did not have a full and fair opportunity to litigate the issue previously. Cf. *Mayers* v. *D'Agostino*, 87 A.D.2d 519 (N.Y. 1982) (declining to give arbitrator's award issue preclusive effect where the plaintiff had insufficient incentive to litigate vigorously).

The plaintiff had a "full and fair opportunity" to litigate the issue of damages, the only question of relevance here.[2] He

---

[2] The terms "claim preclusion" and "issue preclusion" have been used with various meanings in different contexts. Definitions of the two concepts

raises no issue about the choice of forum, having initiated the arbitration by means of a request by his lawyer. Liability was conceded, and the arbitrator's only task was the assessment of damages above the amount already paid that would make the plaintiff whole for his personal injuries. The arbitrator was a lawyer. The arbitration was conducted pursuant to the rules of the American Arbitration Association for commercial arbitration.[3] The plaintiff testified and was given the opportunity to call any witnesses he might desire, including expert witnesses on the issue of damages. It appears that his physician had concluded that the plaintiff had reached an "end result." All the medical evidence was submitted without objection, and the plaintiff agrees that that evidence encompasses all the medical facts and opinions concerning his personal injuries that he possessed and wished to present to the arbitrator. Based on all the evidence before him, the arbitrator made a finding of damages which, in form, was like the general verdict of a jury or the finding that would have been made had a District Court judge heard the case. There was a right to review of the arbitrator's decision pursuant to G. L. c. 251, § 12. As far as we know, no such review was sought. Even though such review, had it been pursued, probably would not have reached issues of law or fact (being confined to the issues set forth in G. L. c. 251, § 12), the plaintiff's counsel concedes that, in calculating the sum due, the arbitrator applied the law of damages correctly to the facts as he found them.[4]

---

are set forth in Restatement (Second) of Judgments at §§ 18 to 20 and § 27. Bailey's demand for the payment of money to compensate him for his personal injuries perhaps should be characterized as a "claim" for damages. We do not view the nomenclature as significant on the facts in this case.

[3] These rules, as last amended in April, 1982, provides among other things, for: a pre-hearing conference (rule 10), a stenographic record upon request of a party (rule 23), adjournments (rule 26), the administration of oaths to witnesses (rule 27), the presentation of evidence directly (rule 31) and by affidavit and the filing of documents (rule 32), the acceptance of legal briefs (rule 35), and the reopening of hearings in certain circumstances (rule 26).

[4] The question of the scope and adjudicatory details of the proceedings before the arbitrator was explored at the oral argument of the appeal. The

The plaintiff's reason for wanting to proceed against the defendant's policies is that after the arbitrator's award he has had (to quote his brief) "a worsening of his condition, leading to additional medical bills, loss of earning capacity, and future disability." The general rule is, of course, that a plaintiff is entitled to one recovery in a personal injury action for all past and reasonably expected future losses and injuries. An exception may be allowed in an extraordinary case, upon timely action by a plaintiff, when a new and unforeseen medical condition arises after the conclusion of the trial. See, e.g., *VanAlstyne* v. *Whalen,* 15 Mass. App. Ct. 340 (1983). The plaintiff's allegation, however, would not provide a basis in a judicial proceeding for the grant of a new trial or for relief from judgment. We see no reason why it should have any special effect on the finality of the arbitrator's decision.[5]

---

information set forth in this opinion was provided by counsel for the plaintiff in response to the following question posed by the panel prior to argument: "Should the decision of the arbitrator be given issue preclusion effect similar to a judicial determination? See Restatement (Second) of Judgments § 84 Comment C (1982)."

[5] At oral argument, the plaintiff's counsel contended that the arbitrator's award should not be given preclusive effect because: (1) it is not a final judgment, see Restatement (Second) of Judgments § 84 comment e (1982); and (2) there is only narrow judicial review of an arbitrator's award, see Restatement (Second) of Judgments § 28 (1982). The arbitrator's award, was sufficiently final. Although apparently no judgment was entered in the Superior Court confirming the award, see G. L. c. 251, § 14, this is due to Allstate's prompt payment. Certainly, neither party could have brought suit in the Superior Court for a de novo determination of damages. See *Louison* v. *Fischman,* 341 Mass. 309 (1960). Restatement (Second) of Judgments § 13 (1982). See also *James* v. *Wampanoag Tribal Council of Gay Head, Inc.,* 23 Mass. App. Ct. 122, 127 (1986).

Restatement (Second) of Judgments § 28(1) (1982) makes an exception to the general rule of issue preclusion where "[t]he party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action." This exception is adopted by reference in § 84. Bailey argues that since an arbitrator's award is not subject to review for errors of law or fact, G. L. c. 251, § 12, issue preclusion is not appropriate. Giving such a broad interpretation of § 28 would have the practical effect of reading § 84 out of the Restatement. Such a result was not intended. Moreover, as has been indicated, the plaintiff agrees that no such error was made in this case. We therefore see no unfairness in estopping him, and leave for another day the question whether it may be unfair to bind a party to a seriously flawed arbitrator's award.

We are satisfied that the plaintiff has had his day before a fact finder in proceedings which were essentially as fair and formal in an adjudicatory sense as proceedings conducted in a courtroom. In some respects, the arbitration may have provided opportunities to the plaintiff to introduce evidence favorable to him that were broader than his rights would have been in court. In any event, the issue was resolved by adjudication before a specialized tribunal and no other basis exists within § 84 of Restatement (Second) of Judgments to deny the award finality.[6] As the plaintiff has been made whole, he has no further right to damages under the defendant's policies because such a right under G. L. c. 175, § 113L, is limited to persons "who are legally entitled to recover damages."

The judgment is vacated. A new judgment is to be entered declaring that the plaintiff is barred on the ground of issue preclusion from proceeding against the defendant on the under-insurance provisions of its policies.

*So ordered.*

---

[6] Reasons to deny an arbitration award preclusive effect are set forth in Restatement (Second) of Judgments § 84, subsections (2), (3), and (4) (1982), as follows:

"(2) An award by arbitration with respect to a claim does not preclude relitigation of the same or a related claim based on the same transaction if a scheme of remedies permits assertion of the second claim notwithstanding the award regarding the first claim.

"(3) A determination of an issue in arbitration does not preclude relitigation of that issue if:

(a) According preclusive effect to determination of the issue would be incompatible with a legal policy or contractual provision that the tribunal in which the issue subsequently arises be free to make an independent determination of the issue in question, or with a purpose of the arbitration agreement that the arbitration be specially expeditious; or

(b) The procedure leading to the award lacked the elements of adjudicatory procedure prescribed . . . .

"(4) If the terms of an agreement to arbitrate limit the binding effect of the award in another adjudication or arbitration proceeding, the extent to which the award has conclusive effect is determined in accordance with that limitation."