Martin, J.
The Appellate Division reviews the allowance of defendant’s Motion for Summary Judgment. We find no error.
The plaintiff commenced this action to recover for damages and personal injuries allegedly sustained as a result of a motor-vehicle collision in which the defendant was the operator of the other motor vehicle. The plaintiff alleged that the defendant operated the vehicle negligently, causing the plaintiff injury.
In addition to filing the complaint against the defendant, the plaintiff also filed to arbitrate underinsurance damages through the American Arbitration Association (hereinafter AAA).
The plaintiffs underinsurance claim was denied. The arbitrator found the plaintiff to be more than 50% negligent and, therefore, barred from recovery.[1] The defendant filed a Motion for Summary Judgment based on the arbitrator’s decision claiming the decision would bar any recovery under the doctrine of issue preclusion.
The court granted the defendant’s Motion for Summary Judgment. The plaintiff filed a Motion to Alter Judgment which was denied.
The plaintiff is aggrieved by the allowance of the defendant’s Motion for Summary Judgment and by the denial of her Motion to Alter Judgment.
In Bailey v. Metropolitan Property Liab. Ins. Co. 24 Mass. App. Ct. 34, 36-37 (1987), the court held that “when arbitration affords opportunity for presentation of evidence and argument substantially similar in form and scope to judicial proceedings, the award should have the same effect on issues necessarily determined as a judgment has.” The central inquiry then becomes whether the issue on which preclusion is sought has been “the product of full litigation and careful decision.” Homeowners Fed. Sav. & Loan Ass’n v. Northern Fire & Marine Ins. Co., 354 Mass. 448, 455 (1968).
The plaintiff contends that the arbitrator exceeded the scope of inquiry by finding the plaintiff negligent where the sole issue for arbitration was damages. Plaintiff also contends that the issue of liability was not vigorously contested at the hearing and, therefore, the plaintiff was not afforded the full and fair opportunity to litigate as in a judicial proceeding.
This court finds that the plaintiff was afforded the full and fair opportunity to litigate the issue of liability before the arbitrator. The denial of afull andfair opportunity is not a valid claim where the plaintiff has not adequately argued her case. Miles v. Aetna Cas. & Sur. Co., 412 Mass. 424 (1992).
Additionally, the plaintiff was afforded the opportunity to a full and fair opportunity to litigate in compliance with the Rules of the AAA as set out in the ACCIDENT *135 CLAIMS ARBITRATION RULES handbook[2] (hereinafter “the rules”). The rules allow for a stenographer, upon request (Rule 12), although the plaintiff did not request one. The rules also allow for the administering of an oath by the arbitrator or any witness upon request of any party (Rule 16). Additionally, the rules allow for the offering of evidence at the hearing (Rule 19). The plaintiff’s claims that the arbitration hearing did not afford her a fair proceeding are without merit where it is clear the plaintiff failed to safeguard her own interests as properly allowed under the rules of the AAA.
The issue of negligence and, thereby, liability, was a necessary focus of the arbitrator’s focus when assessing the claim for damages by the plaintiff. The arbitrator did not exceed the scope of arbitration.
Accordingly, we find that the trial judge properly allowed the defendant’s Motion for Summary Judgment under the doctrine of issue preclusion. The report is dismissed.

 On November 16,1989, the arbitrator denied the plaintiffs claim against Aetna Casualty & Surety Company, finding the plaintiffs contributory negligence to bar the plaintiff from recovery. This finding was supplemented on January 9, 1990 in which the arbitrator reiterated the contributory-negligence of the plaintiff and farther stated that pursuant to G.L. c. 231, §85 the plain tiff was barred from any recovery.

 As amended July 1, 1987.