Lopez, J.
This defamation action is brought by the plaintiff, John R. Feloni (“Feloni”), against his former supervisor, the defendant, Thomas L. Maloney (“Maloney”). On July 20,1993, after hearing, this court (Lopez, J.) denied Maloney’s motion for summaryjudgment stating that the “Only issue of fact is whether [the] alleged statement [is] defamatory.” In addition, the court stated that Feloni was not barred either by res judicata or collateral estoppel from asserting his defamation claim against Maloney. Maloney has now renewed his motion for summary judgment or, in the alternative, for reconsideration. For the reasons set forth below, Maloney’s motion for reconsideration is allowed and after reconsideration, Maloney’s motion for summary judgment is allowed.
BACKGROUND
The following undisputed facts which follow were derived from the pleadings, depositions, and affidavits of the parties.
In April 1981, Feloni became employed as a registered representative with E.F. Hutton & Co., Inc. (a predecessor company of Shearson Lehman Hutton, Inc.). As part of his employment, Feloni executed a Form U-4 whereby he agreed to “arbitration of any dispute, claim or controversy arising out of or in connection with the business of any member of the Association." In December of 1987, Feloni filed a class action suit on behalf of the shareholders of E.F. Hutton which ultimately settled. Then, in January of 1988, Feloni alleges that he was fired by Maloney in retaliation for filing the class action lawsuit. At the time Feloni was allegedly fired, Maloney was the manager of Shearson’s Boston office. After Feloni was allegedly fired, Feloni contends that Maloney told several people, including Shearson employees and clients, that Feloni had resigned rather than telling people he had been fired. By contradicting Feloni’s view of the facts, Feloni alleges that Maloney implied Feloni was lying, this, defaming him.
In and around January 1991, Feloni commenced arbitration against Shearson by filing a claim with the National Association of Securities Dealers, Inc. (“NASD”). Among other things, Feloni complained that some Shearson employees, including Maloney, had defamed him after he had left Shearson. During March 26 and 27, 1992 and May 14 and 15, 1992, a three-member arbitration panel appointed by the NASD heard testimony regarding all of Feloni’s claims against Shearson.
Throughout the hearing, Feloni was present and represented by counsel. On March 27, 1992, at the close of Feloni’s arbitration case, Shearson moved for a directed verdict on all claims. After a brief recess, the arbitration panel directed a verdict against Feloni on his defamation claim, but not his wrongful discharge claim. Then on July 20, 1992, the NASD arbitrators issued an award dismissing all of Feloni’s remaining claims against Shearson “based upon the fact that [Feloni] failed to prove his case.” The NASD award was subsequently confirmed by this court (Butler, J.) on November 5, 1992. One week prior to the start of his arbitration hearing, Feloni filed the present action.
DISCUSSION
A. The Agreement To Arbitrate
It is undisputed that when Feloni joined E.F. Hutton in 1981 he executed the Uniform Application for Securities Industry Registration (“Form U-4’j. By signing the Form U-4, Feloni agreed “to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organizations with which I register, as indicated in Question 8.” In response to Question 8, Feloni registered with three (3) organizations: NASD, the New York Stock Exchange (NYSE), and the American Stock Exchange. As a result, Feloni is bound by the rules of each of these organizations.
Under the NASD rules “any dispute, claim or controversy arising out of or in connection with the business of any member of the Association” must be arbitrated. Similarly, NYSE rules provide that any controversy “arising out of the employment or termination of employment” of a registered representative must be settled by arbitra *601 tion. Feloni does not dispute that some of his claims must be arbitrated, he argues, however, that his defamation claim falls outside the scope of both the NASD and NYSE arbitration agreements.
B. The Scope of the Arbitration Agreement
The NASD arbitration clause in dispute here is broad in scope and covers Feloni’s defamation claim. Francis v. Marshall, 661 F.Supp. 773, 775 (D.Mass. 1987). Moreover, the United States Supreme Court has stated that:
[I]n the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail.
AT&T Technologies, Inc. v. Communications Workers of Am., 475 U.S. 643, 650 (1986), quoting United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 584-85 (1960). Indeed, if there are “any doubts concerning the scope of arbitrable issues, [they] should be resolved in favor of arbitration.” Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24-25 (1983). Given the United States Supreme Court’s directive that arbitration clauses be construed broadly, it is clear that under either the NASD arbitration rules or the NYSE arbitration rules, Feloni’s defamation claim falls squarely within the arbitration provisions.
Feloni argues, without support, that the term “business” which is used in the NASD rules is narrower in scope and unambiguous than the terms “employment or termination of employment” which is used in the NYSE rules. Thus, Feloni concludes that his defamation claim falls outside the scope of his earlier NASD arbitration hearing. Feloni’s unsupported conclusion must necessarily fail in light of the United States Supreme Court’s strong policy in favor of arbitration. Southland Cor. v. Keating, 465 U.S. 1, (1984); Moses H. Cone Memorial Hosp., 460 U.S. at 24-25.
Feloni next argues, albeit unsuccessfully, that Coudert v. Paine Webber, Jackson & Curtis, 705 F.2d 78 (2d Cir. 1983), prevents this court from entering summary judgment on his defamation claim. While it is true that the Coudert court stated that alleged tortious conduct arising after termination did not fall within the scope of the arbitration agreement, the Second Circuit, along with several other Federal Circuits, subsequently questioned the soundness of the Coudert court’s reasoning.
In fact, the Second Circuit explicitly stated that its approach in Coudert “was too cramped.” Flock v. E.F. Hutton Group, 891 F.2d 1047, 1051 (1989). And that their holding in Coudert, “insofar as it implied that no torts committed after employment ends arbitrable, missed the mark.” Id. at 1052, Thus, the Second Circuit joined several other Federal Circuit Courts which concluded that the timing of an alleged tort is less significant in the overall analysis of when a claim should proceed to arbitration. See Zolezzi v. Dean Witter Reynolds, Inc., 789 F.2d 1447, 1450 (9th Cir. 1986); Morgan v. Smith Barney, Harris Upham & Co., 729 F.2d 1163 (8th Cir. 1984); Aspero v. Shearson American Express. Inc., 768 F.2d 106, 108-09 (6th Cir. 1985); Flannagan v. Prudential-Bache Sec., Inc., 495 N.E.2d 345, 349 (N.Y. 1986). The proper approach to determine whether or not Feloni’s defamation claim is arbitrable is if it “involves significant aspects of the employment relationship.” Morgan, 729 F.2d at 1167.
In the present case, it is clear that Maloney’s alleged defamatory statements involved a “significant relationship” to Feloni’s employment. The thrust of Feloni’s defamation claim is that Maloney allegedly told people that Feloni had resigned from Shearson, while Feloni was telling people he had been fired, thus making Feloni look like a liar. The inescapable conclusion from the undisputed facts is that Maloney’s alleged defamatory statements bear a significant relationship to his employment relationship. As such, Feloni was obligated to arbitrate his defamation claim.
One week prior to Feloni’s arbitration hearing, Feloni filed the present defamation action against Maloney. Nonetheless, Feloni properly proceeded to arbitrate his defamation claim, along with several other claims, against Shearson and Maloney. At the conclusion of the arbitration hearing, the three (3) member arbitration board found against Feloni on all counts. The NASD award was subsequently confirmed by this court (Butler, J.) on November 5,1992. Since Feloni’s defamation claim was adjudicated by the arbitration board, he is barred by the doctrine of res judicata from relitigating his defamation claim in the present case.
C. The Doctrine of Res Judicata
The doctrine of res judicata bars Feloni’s defamation claim because it arises out of all or part of a transaction adjudicated in Feloni’s arbitration proceeding. See Restatement (Second) of Judgments §24 (1982). In order to determine “[w]hat factual groupings constitute a ‘transaction,’ and what groupings constitute a ‘series,’ ” the court should undertake a pragmatic approach. Saint Louis v. Baystate Medical Center, Inc., 30 Mass.App.Ct. 393, 399 (1991), quoting Restatement (Second) of Judgments §24(2) (1982). Further, this Commonwealth has recognized that “[t]he doctrine! ] of res judicata . . . (is) most important in assuring that judgments are conclusive, thus avoiding relitigation of issues that were or could have been raised in the original action.” Bagley v. Moxley, 407 Mass. 633, 636 (1990). The application of the doctrine “may serve to relieve parties of the costs and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.” let Moreover, it matters little that “minor factual variations" exist between the two actions. Issac v. Schwartz, 706 F.2d 15, 17 (1st Cir. 1983).
An arbitration judgment is subject to res judicata principles “[w]hen arbitration affords opportunity for presentation of evidence and argument substantially *602 similar in form and scope to judicial proceedings.” Bailey v. Metropolitan Property & Liability Ins. Co., 24 Mass.App.Ct. 34, 36-37 (1987).
When Feloni initially filed his “Statement of Claim” with NASD, he specifically listed defamation as one of his claims against Shearson and Maloney. In fact, at his arbitration hearing on March 26 and 27, 1992 and then again on May 14 and 15, 1992, Feloni presented several witnesses and documentary evidence to support his claims, including his defamation claim. More importantly though, Feloni does not deny that one of the subjects covered at the arbitration hearing was his unsuccessful defamation claim against Shearson and Maloney. In fact, Feloni’s own attorney admitted that the evidence supporting Feloni’s defamation claim was weak at best. As a result, the arbitration board dismissed Feloni’s defamation claim at the close of his case, but allowed Feloni to go forward on the rest of his claims. Eventually, the arbitration board ruled against Feloni on all counts. Feloni has had his “judicial bite at the apple” against Maloney and though he found the fruits of his arbitration decision unappetizing, he is barred from relitigating his defamation claim anew in the present action.
Summary judgment is appropriate where “there is no real dispute as to the salient facts or if only a question of law is involved.” Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). Here only a question of law is involved. As the moving party, Maloney bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that [he] is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Maloney has sustained his burden, and summary judgment is therefore appropriate.
ORDER
For the foregoing reasons, it is therefore ORDERED that defendant’s motion for reconsideration is ALLOWED. After reconsideration, it is hereby ORDERED that defendant’s motion for summary judgment on count I (defamation) of the plaintiffs complaint be ALLOWED.