Sosman, J.
Plaintiff Mary Ciccarelli has brought the present action complaining of personal injuries sustained in a collision with a vehicle operated by defendant Thomas Legere. In addition to the present action, the Ciccarellis brought an action against Commerce Insurance Company (Commerce) claiming underinsured benefits. Plaintiffs now move for summary judgment against the Legeres as to both liability and damages based on the outcome of that arbitration with Commerce. For the following reasons, the motion is DENIED.
Facts
On January 11, 1992, Mary Ciccarelli was operating her own vehicle when she was involved in a collision with another vehicle owned by defendant Virginia Legere and operated by Thomas Legere. The Ciccarelli vehicle was insured with Commerce, carrying underinsured benefits coverage of $250,000 per person and $500,000 per accident. The Legere vehicle was also insured by Commerce, with bodily injury coverage of $50,000 per person.
Alleging that her damages for bodily injury exceeded the $50,000 coverage on the Legere vehicle, Ciccarelli brought an underinsurance claim against Commerce under her own policy. At arbitration of that underinsurance claim, Commerce did not contest that Legere was responsible for the accident. In his decision dated March 1, 1995, the arbitrator determined that Ciccarelli’s bodily injury damages were $40,000, that her husband’s loss of consortium damages were *202 $3,000, and that reasonable and necessary medical expenses were incurred in the amount of $9,361. Inasmuch as Commerce had already made PIP payments of $8,000, the arbitrator’s determination of the amount of damages meant that there was no under-insured benefits owing to the Ciccarellis.
Commerce has also provided the Legeres with their defense in this action. The Legeres are represented in this case by the same attorney that represented Commerce at the arbitration of the Ciccarellis’ underinsurance claim.
Discussion
Plaintiffs have moved for summary judgment, arguing that the arbitrator’s decision on their underin-surance claim is binding on the Legeres. Plaintiffs invoke the doctrine of collateral estoppel affirmatively against the Legeres.
The issues of Legere’s liability and the amount of Ciccarelli’s damages were previously litigated in arbitration, and the arbitrator’s determination of those issues was essential to the decision. Arbitration provides parties a full and fair opportunity to litigate the issues between them, and arbitration awards should thus be given preclusive effect.
However, in the present case, the parties to the arbitration did not include the Legeres. The underin-surance claim was between the Ciccarellis and their own insurer, Commerce. The mere fortuity that Commerce is also the liability carrier for the Legeres does not make the Legeres parties to the arbitration. Nor should that fortuity effectively deprive the Legeres of their right to a jury trial.
Plaintiffs argue that the Legeres must be bound as they are in privity with Commerce. The Legeres are in privity with Commerce with respect to their liability insurance coverage. They are not in privity with Commerce with respect to the Ciccarellis’ underinsurance coverage with Commerce. For example, the Legeres had no say in Commerce’s handling of the underin-surance claim. The resolution of that claim was solely between Commerce and its insureds, the Ciccarellis.
Plaintiffs’ reliance on such cases as Bailey v. Metropolitan Property & Liability Insurance Co., 24 Mass.App.Ct. 34 (1987), is misplaced. Under Bailey, one not a party to the underlying proceeding may invoke collateral estoppel defensively against a party to the original action. See also Martin v. Ring, 401 Mass. 59, 61 (1987). However, the Ciccarellis are not invoking collateral estoppel defensively. They were parties to the arbitration now seeking to invoke the results of that arbitration affirmatively against persons who were not parties to the arbitration. Nothing in Bailey permits such an application of collateral estoppel.
ORDER
For the foregoing reasons, plaintiffs’ motion for summary judgment is DENIED.