Josephson, J.
The plaintiff, Michael Copeland (“Copeland”), a police officer employed by the Town of Ludlow (“Town”), filed this action against the Board of Selectmen for the Town of Ludlow (“Board”) alleging violations of his civil service rights. Specifically, Copeland asserts the Board violated his rights pursuant to G.L.c. 31, §41 because it (1) reduced his compensation without notice and a hearing and (2) constructively discharged him. Copeland further alleges the Board’s action violated his procedural due process rights under 42 U.S.C. 1983. The Board and Copeland have filed cross motions for summary judgment. For the reasons that follow, the Board’s Motion for Summary Judgment is ALLOWED, and Copeland’s Motion for Summary Judgment is DENIED.
BACKGROUND
The following facts are undisputed. Copeland was a member of the Ludlow Police Department on April 24, 1996, when he made threats against Ludlow’s Chief of Police. Copeland’s statements prompted the Chief to suspend him from duty, pursuant to G.L.c. 31, §41, for “conduct unbecoming an officer and discourtesy in violation of the rules and regulations of the Ludlow Police Department.” The Chief informed Copeland, by letter, that he was being suspended for a five day period including April 25, 26, 29, 30 and May 1, 1996. The letter also stated that following the suspension Copeland was ordered to sick time status until the Town’s doctors certified him fit to return to duty. Along with the suspension letter, he also received *161 copies of G.L.c. 31, §§41-45, providing him with notice of his right to appeal his suspension.
On April 26, 1996, Copeland notified the Board of his intention to appeal the suspension. However, Copeland subsequently entered into a settlement agreement with the Town, wherein Copeland agreed that he would withdraw his appeal of the suspension and would not file any further appeals, claims or grievances regarding the suspension. Copeland also admitted that the Chief had just cause to discipline him. The Board, in turn, agreed to reduce the suspension period from five to three days. Copeland signed the settlement agreement on May 14, 1996, agreeing to all of its terms, including the provision requiring Copeland to be placed “on administrative leave with pay pending receipt of the report(s) [from the Town’s doctors] as to his fitness to perform his duties as a police officer, unless the Chief order[ed] him to report for duty sooner.”
Copeland was evaluated by the Town’s psychologists who determined that he was unfit for duty. As a result, the Chief informed Copeland that he was being removed from paid administrative leave and returned to sick leave status effective June 16, 1996. Copeland was present at the June 25, 1996 meeting of the Board where he was informed that he would be removed from the payroll on October 11, 1996, when his benefits were exhausted. Copeland’s attorney also received a letter from the Town’s attorney in September to remind him that Copeland’s benefits would expire on October 11, 1996.
After receiving a joint letter from Copeland’s psychologist and psychiatrist in September 1996, the Chief set up a re-evaluation for Copeland with the Town’s doctors, who again concluded that he was not fit to return to duly. Copeland contacted the Chief several times in an attempt to return to work on light duty; these requests were denied. Subsequently, he filed a grievance, pursuant to the police union’s collective bargaining agreement, seeking injured leave benefits under G.L.c. 41, §111F and reinstatement to light duty. The parties submitted the claim to arbitration, where the arbitrator ruled in favor of the Town.
Copeland’s benefits ran out on October 11, 1996. He did not receive another paycheck from the Police Department until he returned to work in April 1997, following a favorable fitness report from the Town’s doctors on March 20, 1997.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to a judgment as a matter of law. Mass.R.Civ.P. 56(c); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Cassesso v. Commissioner of Corrections, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the record entitles that party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
The Board contends that all of Copeland’s claims are precluded because they were previously litigated before an arbitrator. “When arbitration affords opportunity for presentation of evidence and argument substantially similar in form and scope to judicial proceedings, the award should have the same effect on issues necessarily determined as a judgment has.” Bailey v. Metropolitan Property & Liability Ins. Co., 24 Mass.App.Ct. 34, 36-37 (1987). Copeland maintains that his claims are not precluded by the decision of the arbitrator because the complaint relates to the Board’s violation of Copeland’s due process rights under G.L.c. 31, §41 and the United States Constitution. However, Copeland’s constructive discharge claim is explicitly based on the Board’s failure to reinstate him and its failure to pay him injured leave benefits, pursuant to G.L.c. 41, §11 IF. The issues underlying his constructive discharge claim, his claim for reinstatement to light duty and for injured leave benefits, were fully litigated in the arbitration proceeding. Thus, Copeland’s constructive discharge claim must fail because it is based on issues which he is precluded from raising in this action.
Copeland also claims his civil service rights were violated because the Board reduced his compensation on October 11,1996 without providing him with notice and a hearing as required by G.L.c. 31, §41. This argument presumes that a reduction in benefits constitutes a “reduction in compensation” under the statute. Without deciding this issue, the court finds that even if the statute applies, Copeland waived his right to notice and a hearing by signing the settlement agreement.
When Copeland was suspended in April 1996, the Chief ordered him to sick leave status “until such time as you are certified as fit to return to duty by a panel of doctors to be selected by the Town of Ludlow.” Copeland subsequently entered into the settlement agreement whereby his sick leave status was temporarily changed to administrative leave with pay until the Chief received his fitness reports. When the fitness reports came in, Copeland’s temporaiy status on administrative leave with pay ended. It was implicit in the agreement that if Copeland was declared unfit for duty he would be returned to sick leave status, as he was in the interim following his suspension until the settlement agreement was signed. When the reports stated Copeland was unfit for duty, the Chief followed the course of action implied in the settlement agreement and returned him to sick leave status. Thus, Copeland knew if he was declared unfit for duty he would receive his accrued sick leave benefits. He was also aware that he was only entitled to a limited amount of benefits, which would eventually be ex *162 hausted. He implicitly agreed to this course of action when he signed the settlement agreement.
A voluntary agreement by a police officer to forego benefits and agree to be placed on a specific work-related status, in exchange for having disciplinary proceedings against him dropped, is an enforceable agreement. See Delaney v. Chief of Police of Wareham, 27 Mass.App.Ct. 398, 403 (1989). Under the terms of the settlement agreement, Copeland agreed to be removed from sick leave status and to be placed on administrative leave with pay until his fitness reports were received. He also agreed, and it is implicit in the settlement agreement, that he would return to sick leave status if he was declared unfit for duty. Thus, when Copeland agreed to use his accrued sick leave benefits, he waived his right to notice and a hearing under G.L.c. 31, §41.
Even if the Board’s action did constitute a “reduction in compensation” and entitled Copeland to notice and a hearing, he waived his rights under the statute by signing the settlement agreement and agreeing to return to sick leave status. Therefore, as a matter of law, Copeland’s claims, pursuant to G.L.c. 31, §41 and 42 U.S.C. 1983 fail.
ORDER
For the foregoing reasons, the Defendant’s Motion for Summary Judgment is ALLOWED, and the Plaintiffs Motion for Summary Judgment is DENIED.