Rutberg, J.
This appeal from a grant of summary judgment to defendant arises from plaintiffs claim that his automobile insurance carrier failed to pay a small portion of his damages in a timely manner, which inevitably leads to plaintiffs further claim that the carrier’s actions were taken in bad faith and in violation of General Laws Chapters 176D and 93A
As dates are important to this appeal, a careful exposition of the procedurál history of the case is necessary. On June 14, 1998, Robin Murphy, the underlying plaintiff [hereinafter “Murphy”], was driving his vehicle which was involved in a two-car collision. Murphy suffered personal injuries which also reduced his earning capacity, and he made a claim to his insurer, the defendant Commerce Insurance Company [hereinafter “Commerce”], for Personal Injury Protection [hereinafter “PIP”] benefits. When Murphy learned that the other driver’s liability insurance had been cancelled weeks before the accident, he also made a claim to Commerce pursuant to his uninsured motorists coverage.
Pursuant to the PIP claim, Muiphy, through his attorneys, sent Commerce a set of medical bills totalling $3,601.50 and reports on September 17, 1998, on which Commerce made no payments before Murphy sent them additional bills which totalled $705.00 on December 28,1998. Murphy’s submission of December 28,1998 also constituted a demand for immediate payment pursuant to General Laws Chapter 90, §34M, and a warning that Muiphy intended to obtain relief against Commerce under General Laws Chapters 176D and 93A. Thereafter, Murphy incurred another $395 in medical expenses for which he requested payment Commerce paid Murphy all but $205.00 of the $4,755.50 in medical expenses for which claims were submitted; however, the record does not disclose exactly when this payment was made. Murphy also claimed to have sustained an earnings loss of $724.50 of which 75% [$543.38] was compensable under his PIP claim. As a result of the above, Murphy believed he was due $748.38 on his PIP claim in August 1999.
*74 While trying to collect on the PIP claim, Murphy also tried to resolve the uninsured motorists claim with Commerce; and, on August 17,1999, the parties agreed to submit the uninsured motorists claim to binding arbitration pursuant to the terms of the insurance contract An arbitration hearing was held on August 19,1999, and the arbitrator issued a written dedsion on September 16,1999 which determined that Murphy's reasonable medical expenses were $4,755.50 as previously claimed and his loss in earning capadty was $724.50 also as previously claimed. The arbitrator made an award totalling $16,479.50 which he ordered to be reduced by $4,550.50, the sum Murphy actually received from Commerce prior to the arbitration Commerce paid the total ordered within two weeks [about October 1, 1999], but Murphy then brought this action against Commerce on October 25,1999 claiming damage of $748.38.
It is undisputed that the $748.38 in damages which Murphy claims in this action was included in the arbitrator’s award that Commerce paid; however, Murphy alleges that the source of his claim is contractual, while the arbitrator’s award was based upon his determination of the value of Murphy’s tort damages. Murphy’s claim, that he is entitled to contract damages despite the fact that he had previously recovered them in tort, draws a distinction that lacks a legal difference. Indeed, there is something circular to Murphy’s argument, as the source of the tort damage he received through arbitration was only due to him by virtue of the same insurance contract which he claims has been breached.
Both the insurance contract and the case law clearly limit a similarly injured insured to one recovery. The Appeals Court has stated that “the PIP scheme and UM [underin-sured motorists][1] coverage both have as an objective the avoidance of duplicate recovery.” Amica Mutual Insurance Company v. Bagley, 28 Mass. App. Ct. 85, 89 (1989) [emphasis added]. See also Bailey v. Metropolitan Property & Liability Insurance Company, 24 Mass. App. Ct. 34 (1987) and Miles v. Aetna Casualty & Surety Company, 412 Mass. 424 (1992). Similarly, Part3 [Bodily Injury Caused By An Uninsured Auto] ofthe applicable standard insurance contract contains the following language: “We will reduce the damages an injured person is entitled to recover by:... 3. Any expenses that are payable ... under the PIP coverage of this policy. ...” Massachusetts Automobile Insurance Policy, 6th Edition, p. 9. And, the PIP portion of the policy contains the following complimentary language: “If anyone is entitled to PEP benefits and also to benefits under another Part of this policy, we will pay from this Part first” Id. p. 7.
Murphy’s complaint contains four counts: Q) failure to pay under the contract; (11) and (JID failure to pay trader the contract in a timely fashion in violation of G.L.c. 90, §34M; and, (IV) a violation of G.L.c. 176D based upon Commerce’s failure to pay Murphy’s PIP benefits as demanded.
As stated above, Commerce paid Murphy any and all sums due him under his insurance contract and Murphy’s claim that a tiny fraction of the payments he received were for his “tort” damages do not give Murphy a contract claim for that fraction of the payments so received. Amica Mutual Insurance Company v. Bagley, supra and other cases cited. There are no facts in dispute with respect to this claim, and the trial courf s entry of summary judgment on Count I is affirmed.
Counts II and HI of Murphy’s complaint allege statutory violations that mandate the award of attorney’s fees which Murphy has claimed throughout this action; however, the unambiguous language of §34M under which Murphy seeks the award of counsel fees is applicable only after an insured party successfully resorts to litigation to recover his or her insurance proceeds.[2] Tire undisputed facts in the *75 record show that Murphy had been fully paid for his injuries over three weeks before he filed the underlying action; therefore, Muiphy can neither plead nor prove the essential condition precedent to the recovery of attorney's fees under §34M. Without a claim for attorney’s fees, Murphy can plead no damage arising from this putative statutory breach, and the entry of summary judgment on Counts II and HI must also be affirmed.
Count IV of the complaint essentially alleges that Commerce failed to effectuate a fair and prompt settlement of Murphy’s PIP claim in violation of §3 of General Laws Chapter 176D, which in turn constitutes a violation of General Laws Chapter 93A While it seems as if Murphy has suffered little, or no, damage from Commerce’s failure to pay the amounts requested, when requested, the record before us presents potential factual disputes. As noted above, the actual dates and amounts of the payments Murphy received prior to arbitration are not part of the record, while Murphy alleges that Commerce did not offer to pay damages which were ultimately awarded to him. Therefore, Murphy is entitled to a trial on issues presented by Count IV of his complaint
So much of the Order of the East Brookfield Division of the District Court Department granting defendant summary judgment on Count IV of plaintiff’s complaint is hereby reversed, and this matter is remanded to said Court for further proceedings consistent with the above. So much of the Order of the East Brookfield Division of the District Court Department granting defendant summary judgment on Counts I, n, and HI of plaintiffs complaint is hereby affirmed.

 For these purposes, there is no difference between uninsured or underinsured motorist coverage.

 G.L.c. 90, §34M provides: “If the unpaid [insured] party recovers a judgment for any amount due and payable by the insurer, the court shall assess against the insurer in addition thereto costs and reasonable attorney’s fees.” [emphasis added]