*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**<u>ENTRY ORDER</u>**

SUPREME COURT DOCKET NO. 2015-193

OCTOBER TERM, 2015

| | |
|---|---|
| Alfred Lunde | }    APPEALED FROM: |
| | } |
| | }    Superior Court, Lamoille Unit, |
| v. | }    Civil Division |
| | } |
| | } |
| Bonnie Batchelder & | }    DOCKET NO. 150-7-14 Lecv |
| Batchelder Associates, P.C. | } |

Trial Judge: Dennis R. Pearson

In the above-entitled cause, the Clerk will enter:

This case follows separate legal proceedings surrounding the dissolution of a real estate partnership in which plaintiff Alfred Lunde was the general partner. Lunde filed suit against the accountant retained by the partnership's court-appointed receiver, alleging that the accountant personally and through her firm committed professional negligence. Based on the pleadings, the court granted judgment to defendants, concluding that Lunde failed to establish that defendants owed him the requisite duty of care necessary to maintain a professional negligence action, and that the action was barred by collateral estoppel. On appeal, Lunde argues that the court erred in concluding that defendants owed no legal duty to Lunde and that collateral estoppel applies. We affirm.

In its analysis, the court assumed that the allegations in Lunde's verified complaint were true, and drew for background on the final court decision in the related case from which Lunde's allegations in this case arose. See O'Rourke v. Lunde, 2014 VT 88, 197 Vt. 360 (setting forth facts of related case). Lunde was the sole general partner in a partnership created to manage rental housing. The partnership ended per the terms of the partnership agreement in December 2009. At that point, the proceeds were to be distributed fifty percent to the general partner and the remainder to the limited partners. When Lunde did not promptly liquidate the partnership's assets, the limited partners filed suit in superior court requesting appointment of a receiver to wind up the partnership's business, liquidate assets, and distribute the proceeds. In March 2011, the court appointed a receiver. Although the receivership was initially limited, Lunde was removed as a general partner after he failed to cooperate.

In January 2012, Lunde filed a demand for arbitration pursuant to an arbitration clause in the partnership agreement. The court referred the matter for arbitration, but reserved the issue of attorney's fees. The arbitration was to determine the proper apportionment of the net proceeds from the liquidation of the partnership assets. Lunde claimed that construction companies affiliated with Lunde performed work for the partnership and that the partnership owed debts to him personally for this work. Lunde did not attend the final hearing before the arbitrator. At that hearing, defendant Bonnie Batchelder testified as accountant for the receiver about the debts that

Lunde claimed were owed to him in his personal capacity. She did not support Lunde's view that the debts were owed to him personally. Because Lunde had not been present at the hearing, the arbitrator held the record open for ten days to allow Lunde an opportunity to offer additional evidence regarding his absence or his claims. Lunde did not submit any additional documentation to the arbitrator. In January 2013, the arbitrator issued an award, distributing the partnership assets and concluding that Lunde's share would be surcharged with receiver's fees, arbitration costs, and attorney's fees. The superior court confirmed the order and denied Lunde's motions to vacate. The court also made a final attorney's fees award. Lunde appealed the arbitration decision to this Court, challenging the court's jurisdiction to appoint a receiver, the denial of his motion to vacate the arbitration award, and the assessment of certain fees and costs. This Court affirmed, but remanded to correct a mathematical error in the attorney's fees award. Id. ¶¶ 47-48.

Lunde then filed suit against the accountant retained by the partnership's receiver, alleging professional negligence. Lunde alleged that the accountant deleted payments owed to him in the partnership's accounts. Defendants moved for judgment on the pleadings, arguing that they owed no duty of care to Lunde, and that he was collaterally estopped from challenging the substance of the accounting because it had already been litigated and decided in the arbitration proceeding.

The trial court granted judgment to defendants, concluding that defendants did not owe Lunde the requisite duty of care necessary to maintain a professional negligence action, and that the action was barred by collateral estoppel because the same issue regarding the proper amounts owed to Lunde was already resolved by a final judgment. Lunde challenges both conclusions on appeal.

On appeal from a grant of judgment on the pleadings under Rule of Civil Procedure 12(c),[*] "this Court takes as true all well-pleaded factual allegations in the nonmovant's pleadings and all reasonable inferences to be drawn from them, and takes as false all contravening assertions in the movant's pleadings." Knight v. Rower, 170 Vt. 96, 98 (1999); see V.R.C.P. 12(c) (allowing party to move for "judgment on the pleadings"). If the pleadings contain no allegation that would permit recovery, then judgment will be affirmed. Knight, 170 Vt. at 98.

We first address the issue of collateral estoppel. "Collateral estoppel, or issue preclusion, bars the subsequent relitigation of an issue that was actually litigated and decided in a prior case where that issue was necessary to the resolution of the dispute." Scott v. City of Newport, 2004 VT 64, ¶ 8, 177 Vt. 491 (mem.) (quotation omitted). To apply collateral estoppel, the following elements must be shown:

> (1) preclusion is asserted against one who was a party or in privity
> with a party in the earlier action; (2) the issue was resolved by a

---

[*] The trial court indicated that because it had not excluded matters outside the pleadings, it was considering the motion as one for summary judgment and gave all parties a chance to respond. V.R.C.P. 12(c) (allowing motion to dismiss to be converted to motion for summary judgment if information outside pleadings is presented to court and not excluded, and requiring notice to parties). It appears that the only document the court considered outside of the pleadings was this Court's decision in O'Rourke v. Lunde, 2014 VT 88. We need not reach the question of whether consideration of this prior order converts the motion into one for summary judgment because on appeal the parties do not challenge the court's process and, in any event, the different standard of review would not change the outcome.

2

final judgment on the merits; (3) the issue is the same as the one raised in the later action; (4) there was a full and fair opportunity to litigate the issue in the earlier action; and (5) applying preclusion in the later action is fair.

Id. (quotation omitted).

Here, the trial court concluded that all of these elements were satisfied. First, preclusion is being asserted against Lunde, who was a party in the prior proceeding. Second, the issue of whether Lunde was personally owed money held by the partnership was resolved in the arbitration proceeding. Third, the issue now raised—whether certain monies were owed to Lunde personally—is the same. Fourth, there was a full and fair opportunity to litigate the issues. And, fifth, application of the doctrine is fair.

Lunde concedes that this Court has held that collateral estoppel applies to matters that were adjudicated in an arbitration proceeding, but contends that enforcement by a third party is a different matter, and that because defendants in this case were not parties to the arbitration matter they should not be able to use collateral estoppel in this later proceeding. In support, Lunde relies on Vandenberg v. Superior Court, 982 P.2d 229, 240 (Cal. 1999), in which the California Supreme Court held that a private arbitration award, even confirmed by judicial order, could not have the effect of collateral estoppel in favor of a third party unless the arbitral parties had so agreed. The court explained that enforcing judgments made in the context of a contracted arbitration proceeding did not meet the general goals of collateral estoppel—preserving the integrity of the judicial system, promoting judicial economy, and protecting vexatious litigation—because the initial private award is outside the judicial system, and therefore the subsequent case does not result in duplication of judicial resources or additional litigation. Id.

We have previously held that a final adjudication from an arbitration proceeding can be used to collaterally estop the relitigation of issues finally decided subject to the same conditions as any other judgment. In Agway, Inc. v. Gray, 167 Vt. 313, 316 (1997), this Court held that since "an arbitration is in the nature of a judicial inquiry, and thus has the same force and effect of an adjudication in terms of estopping the same parties from relitigating the same subject." While that case did not directly address whether collateral estoppel could be asserted by a third party to the arbitration award, a blanket exception barring third parties from asserting estoppel based on a private arbitration award is not supported by Agway. In that case, we explained that the question of whether to enforce the terms of the arbitration award are the same as for any award—an arbitration proceeding will collaterally estop future litigation if "the parties were afforded a full and fair opportunity to litigate." Id. at 316. In Agway, this Court cited approvingly to the Restatement (Second) of Judgments, for the proposition that "[A] valid and final award by arbitration has the same effects under the rules of res judicata, subject to the same exceptions and qualifications, as a judgment of a court." Restatement (Second) of Judgments § 84(1) (1982).

Just as this Court has previously explained that a third party can assert collateral estoppel to bar relitigation of an issue already decided by a prior court proceeding, so can a third party use a prior arbitration award to bind another party as long as the general requirements for collateral estoppel are met. See Trepanier v. Getting Organized, Inc., 155 Vt. 259, 264-65 (1990) (explaining that collateral estoppel does not require mutuality of both parties). Vandenberg does not persuade us otherwise. The court in that case acknowledged that some other commentators and most other courts had taken a contrary approach. Vandenberg, 982 P.2d at 240; see Bailey v. Metro. Prop. & Liab. Ins. Co., 505 N.E.2d 908, 910 (Mass. Ct. App. 1987) (holding that "party

3

not involved in a prior arbitration may use the award in that arbitration to bind his opponent if the party to be bound, or a privy, was before the arbitrator, had a full and fair opportunity to litigate the issue, and the issue was actually decided by the arbitrator or was necessary to his decision."). Further, allowing arbitration awards to be used in this manner meets the intended policy goals by promoting efficiency and reducing duplicity of litigation. See Riverdale Dev. Co. v. Ruffin Bldg. Sys., Inc., 146 S.W.3d 852, (Ark. 2004) (holding that party not involved in prior arbitration could bind opponent if party to be bound had full opportunity to litigate and issue was decided by arbitrator).

Turning to the elements of collateral estoppel, Lunde argues that collateral estoppel should not apply because it would be unfair and because the issues raised in this case are different from those raised in the arbitration proceeding. Lunde has presented no reason why application of collateral estoppel would be unfair in this case. There was a full and fair opportunity to litigate issues in the arbitration proceeding. Although Lunde did not attend the hearing and challenge the evidence presented, the opportunity certainly existed.

Further, the issues raised in this case are the same as those decided in the arbitration. Lunde's complaint here asserts that defendants "unreasonably failed or refused to acknowledge the validity of debts owed to plaintiff." Lunde contends that the specific claim made in this case—that defendants committed professional negligence in refusing to acknowledge the validity of certain debts owed to Lunde—was not and could not have been brought in the context of the arbitration proceeding. In order to prevail in this case, Lunde has to establish that the partnership owed him money, and that defendant was negligent in not crediting it to him in her accounting as receiver. The validity of the claimed debts is a necessary element in this case, and is exactly what the arbitrator decided in concluding that certain debts were not owed to Lunde personally. Therefore, Lunde is estopped from further litigating this issue, and the trial court properly granted dismissal on the pleadings.

Because we conclude that Lunde's claims are barred by collateral estoppel, we do not reach the question of whether defendants owed Lunde a duty of care.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

4