## FAITH MILES *vs.* AETNA CASUALTY AND SURETY COMPANY.

Hampden. January 8, 1992. - April 10, 1992.

Present: LIACOS, C.J., ABRAMS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Practice, Civil*, Summary judgment, Parties. *Insurance*, Underinsured motorist. *Res Judicata. Collateral Estoppel. Arbitration*, Insurance, Issue preclusion, Parties, Judicial review, Damages.

In an action by an insured seeking an order compelling an insurance company to submit to arbitration with the American Arbitration Association (AAA) to resolve her claim of underinsurance coverage, the judge properly granted the defendant's motion for summary judgment on the ground that a previous arbitration decision barred the plaintiff's action on the principles of res judicata, where the earlier arbitration afforded the plaintiff a full and fair opportunity to arbitrate the matter in issue, where the plaintiff's allegation that new evidence of a more serious medical condition warranted further arbitration of her damages provided no reason to depart from the general rule that a plaintiff is entitled to one recovery in a personal injury action for all past and reasonably expected future losses and injuries, and where the only issue before the arbitrator in the earlier arbitration was the amount of the plaintiff's damages, an issue permissible for an arbitrator's decision under rule 30 of the Accident Claims Arbitration Rules of the AAA. [426-430]

CIVIL ACTION commenced in the Superior Court Department on October 20, 1989.

The case was heard by *George C. Keady, Jr.*, J., on a motion for summary judgment.

The Supreme Judicial Court granted a request for direct appellate review.

*Katherine L. Lamondia* for the plaintiff.

*Philip J. Callan, Jr.* (*Christopher M. Browne* with him) for the defendant.

LYNCH, J. The plaintiff appeals from the summary judgment entered in the Superior Court which barred her from proceeding against the defendant, Aetna Casualty and Surety Company (Aetna), on an underinsured motorist claim. In her action, the plaintiff sought an order compelling Aetna to submit to arbitration to resolve her claim of underinsurance coverage. G. L. c. 251 (1990 ed.). Aetna moved for summary judgment claiming issue preclusion, among other defenses. The judge granted the motion on the ground that a previous arbitration decision barred the plaintiff's action on the principles of res judicata.[1] We granted the plaintiff's application for direct appellate review, and we now affirm.

We recite the following pertinent facts: On January 8, 1985, the plaintiff was operating a 1976 Dodge Aspen automobile which was struck head-on by a Ford pickup truck owned by Lynn Stapleton and operated by Dana B. Wyman. Daly Chevrolet Company owned the Aspen which was insured under a policy issued by Utica Mutual Insurance Company (Utica). The Stapleton vehicle was also insured under a policy issued by Utica. In September of 1986, the plaintiff settled her claims against Stapleton, Wyman, and Daly Chevrolet for $50,000. (She collected the $25,000 policy limit of the bodily injury coverage on the Stapleton vehicle and the $25,000 policy limit of underinsured motor vehicle coverage on the Aspen.)

At the time of the accident, the plaintiff owned a 1980 Chevrolet Camaro automobile and her husband owned a 1983 Dodge automobile. The Camaro was insured under a policy issued by Metropolitan Property and Liability Insurance Company (Metropolitan) which provided underinsured motor vehicle coverage of $10,000. The Dodge was insured under a policy issued by Middlesex Insurance Company (Middlesex) which provided underinsured motor vehicle coverage of $10,000. The plaintiff sought to recover underin-

---

[1]The term "res judicata" has been replaced, in many cases, by the phrase "issue preclusion." See *Almeida* v. *Travelers Ins. Co.*, 383 Mass. 226, 226 n.1 (1981). Restatement (Second) of Judgments § 27 (1982). We use the more traditional term here unless the context requires otherwise.

surance benefits in the amount of $20,000 from Middlesex
and Metropolitan and accordingly filed a demand for arbitra-
tion with the American Arbitration Association (AAA).
Before the arbitration hearing was held, the plaintiff and
Middlesex settled in the amount of $10,000, its uninsured
motorist coverage. There appears to have been an agreement
between the plaintiff's attorney and Metropolitan's attorney
that the only issue before the arbitrator was the extent of the
total value of the damages the plaintiff suffered as a result of
the accident. The arbitrator determined that the amount of
the plaintiff's total damages was $65,000, and he ordered
that this amount be reduced by the payments the plaintiff
had already received. Since Middlesex had already settled
with the plaintiff, Metropolitan paid her $5,000, the amount
of the award not received from other sources. The plaintiff
did not appeal from the arbitration award to a court of com-
petent jurisdiction within thirty days of the arbitrator's deci-
sion. See G. L. c. 251, §§ 13, 16.

At the time of the accident, the plaintiff's son also owned
an automobile. His automobile was covered by a policy is-
sued by Aetna which provided underinsured motor vehicle
coverage of $100,000. The plaintiff alleges that she did not
seek to recover underinsurance benefits under the Aetna pol-
icy in 1986 because she had forgotten about its existence. In
1989, one year after the arbitrator's award described above,
she made such a claim which resulted in the summary judg-
ment for Aetna.

A motion for summary judgment shall be granted where
no material facts are in dispute and the moving party is enti-
tled to judgment as a matter of law. *Cassesso v. Commis-
sioner of Correction*, 390 Mass. 419, 422 (1983). Mass. R.
Civ. P. 56 (c), 365 Mass. 824 (1974). The doctrine of res
judicata may properly be asserted as a defense on a motion
for summary judgment. *Dowd* v. *Morin*, 18 Mass. App. Ct.
786, 789 n.9 (1984). " 'A fundamental precept of common-
law adjudication, embodied in the related doctrines of collat-
eral estoppel and res judicata, is that a "right, question or
fact distinctly put in issue and directly determined by a court

of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . . ." ' *Montana* v. *United States*, 440 U.S. 147, 153 (1979), quoting *Southern Pac. R.R.* v. *United States*, 168 U.S. 1, 48-49 (1897)." *Fidler* v. *E.M. Parker Co.*, 394 Mass. 534, 539 (1985). "[O]ne not a party to the first action may use a judgment in that action defensively against a party who was a plaintiff in the first action on the issues which the judgment decided." *Id.* at 541, quoting *Home Owners Fed. Sav. & Loan Ass'n* v. *Northwestern Fire & Marine Ins. Co.*, 354 Mass. 448, 455 (1968). Thus the doctrine of collateral estoppel, also known as issue preclusion, does not require mutuality of parties, so long as there is an identity of issues, a finding adverse to the party against whom it is being asserted, and a judgment by a court or tribunal of competent jurisdiction. *Martin* v. *Ring*, 401 Mass. 59, 61 (1987), and cases cited. The central inquiry then becomes whether the issue on which preclusion is sought has been "the product of full litigation and careful decision." *Home Owners Fed. Sav. & Loan Ass'n* v. *Northwestern Fire & Marine Ins. Co., supra* at 455.[2]

"When arbitration affords opportunity for presentation of evidence and argument substantially similar in form and scope to judicial proceedings, the award should have the same effect on issues necessarily determined as a judgment has." *Bailey* v. *Metropolitan Property & Liab. Ins. Co.*, 24 Mass. App. Ct. 34, 36-37 (1987), quoting Restatement (Second) of Judgments § 84 comment c (1982). An arbitration decision can have preclusive effect in a subsequent suit between the same parties or their privies. *Id.* at 36. See *Louison* v. *Fischman*, 341 Mass. 309 (1960); *Fidler* v. *E.M. Parker Co., supra* at 541; Restatement (Second) of Judgments, *supra* at § 84; G. L. c. 251, § 14.

---

[2]Under the doctrine of issue preclusion, "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Restatement (Second) of Judgments § 27 (1982).

The plaintiff argues here that the 1988 arbitration award should not preclude her from arbitration with Aetna because: (1) she did not have a full and fair opportunity to arbitrate the matter; (2) there is new evidence of a more serious medical condition; and (3) the arbitrator's award was flawed. She further argues these three issues raise genuine issues of material fact and therefore summary judgment was improper. We address these arguments in turn.

*Full and fair opportunity to arbitrate.* The plaintiff contends she did not have a full and fair opportunity to arbitrate because: (a) of her medical condition, (b) she was unaware of the insurance policy with Aetna at the time of the arbitration and, (c) her attorney would have prepared the case differently had he known of that policy. This argument confuses the opportunity to arbitrate with the actual arbitration proceeding. In spite of what might have been her medical condition the fact of her son's policy was easily discoverable by her attorney. Her medical condition did not prevent her or her attorney from proceeding with the arbitration. Her son and her husband had to have been aware of the Aetna policy. That easily discoverable evidence is not taken advantage of or is forgotten, does not mean that there has been a denial of an opportunity to raise the issue which that evidence would support.

*Evidence of a more serious medical condition.* The plaintiff next claims she unknowingly suffered from memory loss in 1988 since her condition was not diagnosed until 1989, and this new evidence of a more serious medical condition warrants further arbitration of her damages. It is noteworthy that prior to 1988, the plaintiff was treated for the head injuries she sustained in the accident. Her memory loss existed in 1988 and, therefore, was not a new and unforeseen medical condition arising at the conclusion of the proceedings. See, e.g., *VanAlstyne* v. *Whalen*, 15 Mass. App. Ct. 340, 349-351 (1983). Even if this were so, the fact that she may have had a basis for filing a motion for relief from judgment on the basis of newly discovered evidence (no such motion has been pursued) does not mean that the judgment or the award is

automatically flawed. We see no reason to depart from the general rule that a plaintiff is "entitled to one recovery in a personal injury action for all past and reasonably expected future losses and injuries." *Bailey* v. *Metropolitan Property & Liab. Ins. Co., supra* at 39.

*Flawed arbitration award.* The plaintiff next argues the arbitrator's damage award is flawed because he exceeded his authority in violation of rule 30 of the Accident Claims Arbitration Rules of the AAA by awarding damages beyond the underinsured limits of the Middlesex and Metropolitan policies.[3] Generally, the parties to an arbitration can agree to arbitrate, subject to limited restrictions imposed by law, any matter in dispute. See *Lawrence* v. *Falzarano*, 380 Mass. 18, 28 (1980); *Massachusetts Bay Transp. Auth.* v. *Boston Carmen's Union, Div. 589*, 17 Mass. App. Ct. 104, 111 (1983); *Geller* v. *Temple B'nai Abraham*, 11 Mass. App. Ct. 917, 918 (1981). The plaintiff does not dispute Aetna's affidavit that the sole issue for the arbitrator to concern himself with was the "total value" of the plaintiff's case. Even in absence of such an agreement, the only issue before the arbitrator was the amount of the plaintiff's damages, an issue permissible for an arbitrator's decision under rule 30. The arbitrator knew the plaintiff had already recovered under other policies. His decision included the proviso that the damage award ($65,000) would be reduced by any payments the plaintiff had already received. Therefore the amount of the award was less than the underinsurance limits of each of the policies of Middlesex and Metropolitan. Furthermore, if the plaintiff believed the award caused confusion and ambiguity as to who would pay the remaining $15,000 since Middlesex was included in the award, she should have appealed to modify or to vacate the award. G. L. c. 251, § 13. She did not and the time to appeal from that award has long passed.

---

[3]Rule 30 provides in part: "The arbitrator shall render a decision determining whether the insured person has a right to receive any damages under the policy and the amount thereof, not in excess of the applicable policy limits."

We conclude that the judge correctly determined that the 1988 arbitration decision precluded the plaintiff from proceeding against Aetna and appropriately granted summary judgment.

*Judgment affirmed.*