McHugh, J.
The Motion is DENIED.
It is undisputed that plaintiff and two other entities, C/NAMR and ZEI, were parties to a partnership contract containing an arbitration clause. None of the defendants were parties to that contract although one, Cassidy & Associates, Inc. was C/NAMR’s parent and another, Zwicker, was ZEI’s principal shareholder. C/NAMR and ZEI expelled plaintiff from the partnership and defendants subsequently formed, or comprised, another partnership that allegedly carried out the functions the old partnership had been performing.
After the expulsion, C/NAMR and ZEI commenced arbitration proceedings seeking a declaration that the expulsion was valid. All parties agree that the demand was proper in substance and in form. Plaintiff filed a counterdemand seeking a declaration that the expulsion was improper and damages.
On January 4, 1993, the Arbitrator issued an award stating that plaintiff had been expelled from the partnership wrongfully. The award also contained a detailed recitation of the procedures that would be followed to discover and resolve the damage issues. In response to a provision in that award, plaintiff filed a damage claim in which it sought “straight-forward-breach-of-contract damages,” expenses and an accounting. In an explanatory memorandum it filed later, plaintiff disavowed any intention to recover for lost future profits but stated that it was not abandoning its right to seek those damages in another forum against nonsignatories to the partnership agreement. Plaintiffs disavowal of any intention to seek lost profits was expressly based on its assessment that neither C/NAMR nor ZEI would be able to pay those damages. Shortly thereafter, plaintiff filed this lawsuit.
In response to plaintiffs expression of an intent to pursue a lost profits claim through litigation, C/NAMR and ZEI filed with the arbitrator a brief stating, in pertinent part, that they were
entitled to a complete resolution in [the arbitration] proceeding of all issues arising from [plaintiffs] expulsion. One of these issues — as now made clear by the Boston lawsuit — is whether [plaintiffs] expulsion resulted in legally cognizable lost profits.
C/NAMR and ZEI also filed with the Arbitrator a petition designed to amend their original petition for purely declaratory relief to include a determination whether plaintiff had suffered any lost profits.
In response to the petition to amend, plaintiff filed with the arbitrator a document reiterating its position that it was making no claim for lost profits and that the Arbitrator therefore had no jurisdiction over any such claim.[1]
The hearing thereafter proceeded. C/NAMR and ZEI presented evidence on the lost profits claim. Plaintiff did not and did not dispute the evidence C/NAMR and ZEI produced. Instead, plaintiff continued to maintain that the issue of lost profits was not properly before the Arbitrator. In his final award, the Arbitrator, rejecting plaintiffs position and proceeding to the merits of the petition C/NAMR and ZEI had filed, ruled plaintiff had in fact suffered “no legally compensable or cognizable lost profits” as a result of the wrongful expulsion.
Against that backdrop, defendants claim that the lost profits issue at the heart of this litigation is an issue the Arbitration award precludes plaintiff from raising here. Plaintiff maintains that it did not litigate the issue of lost profits in the arbitration proceedings and thus, no matter what the Arbitrator said in his decision, they cannot be precluded from raising that issue in this case.
Resolution of the preclusion issue plaintiff and defendants have raised turns, in my view, on the difference between the doctrine of resjudicata or claim preclusion and the doctrine of collateral estoppel or issue preclusion. The former prohibits a party to lawsuit A from raising in lawsuit B against a party to lawsuit A any issue that could have been raised in lawsuit A. See Anderson v. Phoenix Inv. Counsel of Boston, Inc., 387 Mass. 444, 449 (1982). '
Collateral estoppel is more narrow. Under that doctrine, “[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.” Restatement (Second) of Judgments §27 (1982). An arbitration decision can have preclusive effect. Bailey v. Metropolitan Property & Liability Ins. Co., 24 Mass.App.Ct. 34, 36 (1987). Moreover, under current law, application of the collateral estoppel doctrine does not require that the parties to the two suits be identical. “[A] party not involved in a prior arbitration may use the award in that arbitration to bind his opponent if the party to be bound, or a privy, was before the arbitrator, had a full and fair opportunity to litigate the issue, and the issue was actually decided by the arbitrator or was necessary to his decision.” Id. at 37.
Against that backdrop, the issue dividing the parties here boils down to the question whether, as defendants contend, an opportunity to litigate an issue in the prior arbitration or litigation gives one who was not *178 a party to the prior proceedings the right to use the results defensively against a party or whether, as plaintiff contends, the party to be bound must have actually litigated the issue on which preclusion is sought. Massachusetts cases, although sometimes using broader language, require actual litigation. Indeed, in the case that actually announced abandonment of the “mutuality” requirement, the Supreme Judicial Court said
We now hold that one not a party to the first action may use a judgment in that action defensively against a party who was a plaintiff in the first action on the issues which the judgment decided.
In addition, our holding expands the applicability of the doctrine to encompass certain findings not strictly essential to the final judgment in the prior action . . . Such findings may be relied upon if it is clear that the issues underlying them were treated as essential to the prior case by the court and the party to be bound. Stated another way, it is necessary that such findings be the product of full litigation and careful decision.
Home Owners Federal Savings & Loan Ass’n v. Northwestern Fire & Marine Ins. Co., 354 Mass. 448, 452 (1967). See also Fidler v. E.M. Parker Co., 394 Mass. 534, 539-40 (1994); Cousineauv. Laramee, 388 Mass. 859, 863 (1983). But see Rudow v. Fogel, 376 Mass. 587, 592 (1978), suggesting that, in part, the Home Owners formulation may be too broad.
To be sure, all of those cases discussed, in some way and in some form, the relationship between an “opportunity” to litigate and preclusion of issues. There is no doubt that an “opportunity” to litigate, without more, is an element of claim preclusion. See, e.g., DiPinto v. Sperling, 9 F.3d 2, 4 (1st Cir. 1993). Relying on Miles v. Aetna Casualty & Surety Co., 412 Mass. 424, 428 (1992), defendants argue that an opportunity to litigate is enough to invoke the doctrine of issue preclusion as well. In Miles, the Court did say that one should not “confuse! 1 the opportunity to arbitrate with the actual arbitration proceeding.” Id. Given the issue actually before the Court in Miles, however, the meaning of the quoted statement is not entirely clear. What is clear and what clearly distinguishes Miles from this case is that the precluded plaintiff in Miles actually had tendered and fully pressed in the prior arbitration the issue she was precluded from later raising against the new defendant. See id. at 426.[2]
In the last analysis, “[t]he rule of issue preclusion, sometimes referred to as collateral estoppel... is that a party ordinarily may not relitigate an issue that he fully and fairly litigated on a previous occasion.” Restatement (Second) of Judgments, Chapter 1, Scope (emphasis added). For that reason, a default judgment does not ordinarily preclude relitigation of an issue necessary to the judgment when that issue is raised in subsequent litigation between different parties. E.g., White Mountain Construction Co., Inc. v. Transamerica Insurance Company, 631 A.2d 907, 915 (1993); Horton v. Morrison, 448 S.E.2d 629, 630 (Va. 1994). Any other result would subvert the time and resource saving reasons for creation of the doctrine itself. Once a lawsuit was brought, parties would be forced to litigate fully all issues tendered by an opposing party in order to escape a bar by default to their later litigation of those issues not only against the original parties but against everyone else in the world as well.
Here, plaintiffs election not to pursue the issue of lost profits in arbitration prevents plaintiff from later asserting elsewhere a claim for lost profits against the parties to the arbitration. It does not prevent plaintiff from pursuing that claim against different parties here.

Plaintiff maintains here that the arbitrator had no “authority” to render the award because no controversy with respect to lost profits existed between itself and the other parties to the arbitration. Plaintiffs Brief at 9-10. Given the view of this case I have taken, I need not reach what amounts to plaintiffs jurisdictional claim.

Similarly, in Ritchie v. Landau, 475 F.2d 151, 156 (2d Cir. 1973), the other case defendants cite for the proposition that an “opportunity” to litigate an issue is enough to preclude its later litigation, there was no doubt that the precluded party had fully litigated the precluded issue in the arbitration proceedings. Moreover, Ritchie was decided before the concept of one-way estoppel had full and broad acceptance. As later explained in Murray v. Dominick Corporation of Canada, Ltd., 631 F.Supp. 534, 536 (S.D.N.Y. 1986), Ritchie stands for the proposition that “where the legal relationship between two parties establishes vicarious liability for one party based on the acts of the other, a suit brought against either of the parties will foreclose a subsequent action against the other.” That is not this case, at least in its present summary judgment posture.