Hamlin, J.
Defendant Martha Soshnick, as conservator for Marretta A. Greer, (Soshnick) seeks summary judgment on Plaintiff William Person’s (Person’s) claims against her. For the following reasons, the motion is allowed.
Background
The following facts are not, for the purposes of this motion, disputed. Person conducted genealogical research which led him to Marretta Greer (Greer), whom he knew to be the beneficiary of a trust entitling her to a significant annual income. Greer was homeless and mentally ill when Person located her. Greer and Person executed an agreement by which Greer would pay Person fifty percent (50%) of the assets she realized from the trust in exchange for Person providing her with information she needed to assert her rights as a trust beneficiary. The trustee, First National Bank of Boston, filed a “Complaint for Instructions” in the Probate Court[2] seeking a judicial determination as to the validity of Greer’s agreement with Person, and Greer’s competency to make it. Person appeared as a defendant in the Probate Court proceedings and was represented by Defendant Brian Flynn, who is an attorney. Person did not assert any counterclaim in the Probate Court proceeding. The Probate Court appointed Soshnick (also an attorney) to serve as Greer’s conservator. On April 12, 1994, the Probate Court (Cohen, J.) entered a judgment declaring the Greer - Person agreement null and void.
Person filed the instant case on November 7, 1994. Against Soshnick, Person seeks a declaratory judgment (as to whether the Probate Court judgment bars any quantum meruit claim he may have had) and alleges a claim for quantum meruit.[3]
Analysis
Summary judgment is appropriate when there are no genuine issues of material fact on any relevant issue and the moving party is entitled to judgment as a matter of law. Mass.RCiv.P. 56(c); Kourouvacilis v. General Motors, Inc., 410 Mass. 706, 711 (1991). Res judicata bars a party from relitigating claims which have been disposed of on their merits in a previous action, as well as the later litigation of compulsory counterclaims. Miles v. Aetna Cas. & Sur. Co., 412 Mass. 424, 426-27 (1992); Reporter’s Notes to Mass.R.Civ.P. 13. The Court will treat Person’s hypothetical quantum meruit claim against Greer as a counterclaim.[4] Compulsory counterclaims are counterclaims for which the court had the power to grant the relief sought, which existed at the time the party answered the prior suit, and which arise from the same transaction or occurrence as the previous suit. Id. In other words, a compulsory counterclaim must be raised in the defendant’s answer, or it is lost forever. Id.; see also, Yentile v. Howland, 26 Mass.App.Ct. 214, 216 (1988).
Based on these authorities, the Plaintiffs quantum meruit claim against Soshnick (in her capacity as Greer’s conservator) is barred on the basis of res judicata. Person lost any claim he may have had for quantum meruit when he failed to bring it in the Probate Court action. Quantum meruit allows a party to recover the fair value of services rendered under a contract broken by another. Fay, Spofford & Thorndike Inc. v. Massachusetts Port Auth., 7 Mass.App.Ct. 336, 341 (1979). The Probate Court had the power to adjudicate any claim Person may have had to recover the fair value of his services to Greer. G.L.c. 215, §6 (granting Probate Court broad equitable jurisdiction). Person’s claim for the fair value of his services existed throughout the Probate Court proceeding. Finally, Person’s quantum meruit claim arises from his agreement "with Greer regarding the proceeds of the trust to which Greer was entitled. This was the same transaction at issue in the Probate Court proceeding. Therefore, Peterson’s claim for quantum meruit, if any, was compulsory, and was lost when he failed to bring it in the prior proceeding in the Probate Court.
Order
For the foregoing reasons, the motion for summary judgment of Defendant Martha Soshnick is ALLOWED.

First National Bank of Boston v. Greer, Person, et al., Nos. 90E0229-G1 (Middlesex Probate & Family Court).

Person also asserts claims against the other defendants for legal malpractice, intentional and negligent infliction of emotional distress, breach of fiduciary duty, and unfair or deceptive trade practices.

This distinction of whether Person’s claim was a counterclaim or a cross claim affects the preclusion analysis. A party who does not assert a cross claim is not barred by res judicata *75 from asserting that claim in a later proceeding. See, J. Smith & H. Zobel, Rules Practice §13.26, at 378 (1974); C. Wright, A. Miller & M. Kane, 6 Federal Practice & Procedure §1431, at 236(1990).A claim not asserted, however, in the belief that it is a cross claim will be barred if it turns out to be a counterclaim. Id. at 236-37. Here, it is illogical to treat the Person/Greer relationship in the Probate Court action as one of co-parties in the traditional sense. Cross claims are typically thought of as claims between co-defendants, where each defendant is potentially liable to the plaintiff. Reporter’s Notes to Mass.R.Civ. P. 13. This is not the case here. To view Person and Greer as mere co-parties in the Probate Court action is to oversimplify the issues raised in that litigation. At the core of the Probate Court dispute was whether Greer was competent to execute the agreement she made with Person, and whether the agreement itself was valid. It is more rational, therefore, to view Greer and Person as adversaries in the Probate Court case, and to treat any claims Person may have had against Greer (and Soshnick, her court-appointed conservator) as counterclaims.