JOHN ABDELLA *vs.* UNITED STATES FIDELITY & GUARANTY COMPANY.

No. 96-P-1821.

Worcester. June 4, 1998. - June 23, 1999.

Present: LENK, GILLERMAN, & SMITH, JJ.

*Arbitration,* Insurance, Issue preclusion, Consumer Protection Act. *Insurance,* Arbitration, Unfair act or practice, Motor vehicle insurance. *Consumer Protection Act,* Insurance, Arbitration, Res judicata, Damages. *Damages,* Consumer protection case.

An arbitrator's award addressing issues of damages and coverage under a policy of motor vehicle liability insurance was not res judicata of claims brought against the insurer under G. L. c. 93A and G. L. c. 176D, where such claims were not within the arbitrator's authority to determine. [152]
Where, in an action against an insurer for denying coverage in violation of G. L. c. 176D, the judge found that the insurer had violated the statute but that the plaintiff had not been adversely affected thereby, the judge did not err in not awarding damages to the plaintiff. [152-153]

CIVIL ACTION commenced in the Superior Court Department on March 25, 1992.

A motion for summary judgment was heard by *James P. Donohue*, J., and the case was heard by *Francis R. Fecteau*, J.

*Rickie T. Weiner* for the plaintiff.

*John F. Hurley, Jr.*, for the defendant.

SMITH, J. The plaintiff, John Abdella, filed an action in the Superior Court against the defendant, United States Fidelity & Guaranty Company (USF&G). Abdella sought to recover damages against USF&G for alleged violations of G. L. c. 93A, § 2, and G. L. c. 176D, § 3(9), relating to an underinsured claim under a motor vehicle liability policy.

After USF&G filed an answer denying the allegations contained in the complaint, Abdella filed a motion for summary judgment. He claimed that, because an arbitrator had previously decided the issues of USF&G's bad faith during the settlement

process, and had awarded damages, USF&G was precluded from attempting to relitigate those matters. After a hearing, a Superior Court judge denied Abdella's summary judgment motion. The matter then proceeded to trial before a different Superior Court judge sitting without a jury. After the trial concluded, the judge ruled in favor of USF&G and ordered the case dismissed.

Abdella has appealed, claiming that (1) the motion judge erred in denying his motion for summary judgment, and (2) the trial judge committed error in finding in favor of USF&G.

We summarize the trial judge's findings of fact.[1] On October 13, 1988, Abdella was injured in an accident while operating a motor vehicle owned by his wife and insured with USF&G. USF&G's policy had underinsured limits of $100,000 per person. The accident involved a collision with a second motor vehicle which was insured with Utica Mutual Insurance Company (Utica), which provided coverage of $20,000 per person.

Shortly after the accident, Abdella's attorney sent a letter of representation to USF&G requesting that an application for personal injury protection benefits (PIP benefits) be sent to him. The letter also requested that all correspondence with respect to Abdella's claim be sent to the attorney. In response, USF&G mailed the application with a cover letter which requested the attorney's permission to allow USF&G to obtain a statement from Abdella. On November 14, 1988, the form was completed, signed, and returned by Abdella. The form also included a signed medical record authorization form.

On November 17, 1988, USF&G sent the medical authorization form to the physician named in the PIP form. USF&G requested that he furnish all information concerning Abdella's condition. USF&G, however, did not receive any of the requested information, or any of Abdella's medical bills.

On March 16, 1989, USF&G wrote to Abdella's attorney, informing him that it had not received any medical reports or bills, and requesting that he contact USF&G to schedule an independent medical examination of Abdella. After he failed to respond, USF&G wrote to the attorney on April 28, stating that it would not pay any of Abdella's medical bills after March 16, 1989, because of the attorney's failure to allow USF&G to

---

[1]Abdella does not contest the trial judge's findings of fact.

schedule an independent medical examination. USF&G also reserved its rights with regard to all optional coverage. On September 25, 1989, USF&G received the medical reports and bills from Abdella's attorney, with a request that the bills be paid under the PIP benefits coverage.

On October 25, 1989, the attorney notified USF&G of a claim by Abdella for treble damages under G. L. c. 176D and c. 93A, § 9, for failure either to pay the PIP benefits in a timely manner, or to state in writing the reasons why such benefits would not be paid. On October 27, 1989, USF&G paid the PIP benefits in full.

On October 30, 1989, Abdella's attorney notified USF&G, for the first time, of a claim for the underinsured policy benefits under his wife's automobile policy. In addition, the letter requested USF&G's permission to settle with Utica (the tortfeasor's insurer) for the maximum bodily injury limits of $20,000. The permission was granted.

On November 3, 1989, USF&G wrote to the attorney, reminding him of its reservation of rights because of Abdella's failure to cooperate in providing USF&G with medical reports and bills in a timely manner. In response, Abdella's lawyer, on November 8, wrote to USF&G and, among other things, characterized USF&G's reservation of rights as a breach of contract and demanded a statement from USF&G as to the facts which formed the basis of their claim of prejudice.

On December 5, USF&G responded and outlined its alleged claim of prejudice in not being able to schedule an independent medical examination. Nevertheless, USF&G made an offer of $1,500 to settle the underinsured claim. This was based upon USF&G's belief that Abdella had been adequately compensated by his receipt of $2,000 in PIP benefits and $20,000 that he received from Utica for his injuries.

Thereafter, a series of letters was exchanged between the parties, during which USF&G attempted again to schedule an independent medical examination. Abdella's attorney again notified USF&G he would not allow Abdella to attend such an examination unless and until USF&G withdrew its reservation of rights and confirmed coverage. On February 26, 1990, USF&G denied coverage based on Abdella's refusal to submit to an examination.

On May 29, 1991, Abdella filed an application in the Superior Court for the appointment of an arbitrator. After one was ap-

pointed, the issues of damages and coverage were submitted to him by agreement of the parties. After a hearing, the arbitrator filed a written decision dated December 9, 1991, and subsequently amended January 2, 1992. The arbitrator ruled that (1) coverage existed under the policy; (2) USF&G had no right to deny coverage based on the attorney's lack of cooperation; and (3) Abdella was entitled to $75,000 from the insurer, minus the $2,000 in PIP benefits and the $20,000 received from the other insurer. Therefore, the arbitrator's award amounted to $53,000. On Abdella's motion, a judgment for that amount was entered in the Superior Court. USF&G paid that amount.

A trial then proceeded on Abdella's claim that USF&G's actions in handling Abdella's PIP benefits and underinsured claims constituted unfair or deceptive acts or practices. After the trial, the judge ruled that USF&G did not violate G. L. c. 93A in processing Abdella's PIP benefits claim.[2] The judge also ruled, however, that USF&G had not established a proper foundation for its letter denying coverage because of Abdella's refusal to attend a medical examination. The judge concluded that USF&G violated G. L. c. 176D, § 3(9)(*b*), (*c*), and (*e*), as inserted by St. 1972, c. 543, § 1, by not unequivocally affirming or denying coverage after being requested to do so by Abdella's attorney, and by contesting coverage when Abdella failed to attend an independent medical examination.[3] The judge found no violation of G. L. c. 176D, § 3(9)(*d*), (*f*), (*g*), and (*m*), as inserted by St. 1972, c. 543, § 1.[4]

The judge concluded that the only conduct of USF&G

[2]On appeal, Abdella does not make any claim that USF&G mishandled his PIP benefits claim.

[3]Section 3(9) of G. L. c. 176D enumerates acts and omissions that constitute unfair claim settlement practices. Paragraph (*b*) covers the failure "to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies"; par. (*c*) covers the failure "to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies"; and par. (*e*) covers the failure "to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed."

[4]Paragraph (*d*) covers the refusal "to pay claims without conducting a reasonable investigation based upon all available information"; par. (*f*) covers the failure "to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear"; par. (*g*) covers the practice of "[c]ompelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds"; and par. (*m*) covers the

implicating G. L. c. 176D, § 3(9), namely, the denial of coverage because of Abdella's failure to attend a medical examination, did not cause any injury or damage to Abdella. The judge also specifically found that Abdella had not established that USF&G's offer of $1,500 to settle the underinsured claim was unreasonable under the circumstances.

1. *Res judicata.* According to Abdella, the issue of wrongful conduct and damages had already been determined in the arbitration hearing and thus the issues before the trial judge were res judicata.

A decision rendered by an arbitrator "can have preclusive effect in a subsequent suit between the same parties or their privies." *Miles* v. *Aetna Cas. & Sur. Co.*, 412 Mass. 424, 427 (1992). *Bailey* v. *Metropolitan Property. & Liab. Ins. Co.*, 24 Mass. App. Ct. 34, 36 (1987). "A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties . . . .' " *Miles, supra* at 426-427, quoting from *Fidler* v. *E.M. Parker Co.*, 394 Mass. 534, 539 (1985).

The arbitrator was not empowered to determine issues related to Abdella's G. L. c. 93A claims. The record shows that the arbitrator had the authority only to determine coverage and the amount of damages Abdella was entitled to on his underinsured policy. Even though the arbitrator's later amended decision did address his conclusion that USF&G's actions were an inappropriate response to Abdella's lack of cooperation, the arbitrator did not state or imply that USF&G had acted in bad faith or had knowingly engaged in an unfair and deceptive practice. Therefore, principles of res judicata do not apply.

2. *Entitlement to damages.* Abdella argues that, in regard to his underinsured claim, the judge committed error because he found that USF&G had violated G. L. c. 176D, but failed to award damages. There was no error.

---

failure "to settle claims promptly, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage."

There was evidence before the judge of the extent and duration of Abdella's injuries. The judge concluded that USF&G's violation of G. L. c. 176D regarding the medical examination issue did not cause any injury to Abdella and that there was insufficient evidence to warrant the conclusion that, had the medical examination occurred, USF&G would have been required to make a higher offer to avoid a violation of G. L. c. 176D, § 3(9). See *Van Dyke* v. *St. Paul Fire & Marine Ins. Co.*, 388 Mass. 671, 678 (1983) (even given violation of G. L. c. 176D, § 3[9], plaintiff must be adversely affected in order to recover under G. L. c. 93A, § 9); *Gurnack* v. *John Hancock Mut. Life Ins. Co.*, 406 Mass. 748, 753 n.5 (1990). Implicit in the judge's conclusion is a finding that Abdella's injuries did not require an offer in excess of $1,500 offered by USF&G. The judge found that Abdella suffered a "soft-tissue" injury resulting in approximately $3,500 in medical expenses, largely consisting of diathermy treatments. The judge also found that Abdella, who was a steel cutter, only lost one week of work.

Because Abdella was not injured by USF&G's violation, the judgment dismissing Abdella's complaint is affirmed.

*So ordered.*