Toomey, J.
BACKGROUND[1]
Norma Jones, administratrix of the estate of her husband Charles Jones (“Jones”), has brought this action against Donna L. Henderson (“Henderson”), Bay City Taxi, Inc. (“Bay City Taxi”), and William G. Kapulka (“Kapulka”) seeking recovery for injuries allegedly sustained by Jones as a result of a May 5, 1995, motor vehicle accident. Kapulka’s automobile collided with a taxi driven by Henderson.[2] Jones was a passenger in Henderson’s taxi.[3] Norma Jones alleges that both Henderson and Kapulka were negligent in the operation of their respective vehicles. She also alleges that Henderson served as Bay City’s agent, servant or employee, and that Bay City Taxi is vicariously liable for Henderson’s negligence.
Norma Jones, Henderson and Bay City Taxi submitted their cases to arbitration. The arbitrator found that Henderson and Bay City Taxi were negligent. She also found that the total value of the Jones claim was $22,170.45. In consideration of $25,000, Norma *737 Jones then executed a release in favor of Henderson and Bay City Taxi.
Kapulka now moves for summary judgment on the grounds that the arbitrator’s findings as to Jones’ damages are binding upon Mrs. Jones under the doctrines of collateral estoppel and res judicata and that he is entitled to a full offset of $25,000 paid by Henderson and Bay City Taxi. Mrs. Jones, however, argues that summary judgment should not enter in Kapulka’s favor because the arbitrator’s finding as to the amount of Jones’ damages is not binding, Kapulka not having been a party to the arbitration. This Court holds that the arbitrator’s finding of Jones’ damages in the arbitration proceedings chosen by Mrs. Jones, Henderson and Bay City Taxi are binding upon Mrs. Jones in her suit against Kapulka. Furthermore, this Court holds that Kapulka is entitled to an offset, measured by the amount of recovery by Mrs. Jones from Henderson and Bay City Taxi ($25,000), against the damages established by the arbitrator and binding at bar ($22,170.45). Because Mrs. Jones cannot, as a matter of law, obtain any recovery from Kapulka, this Court will grant summary judgment in favor of Kapulka.
DISCUSSION
A Court will grant summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party demonstrates the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17.
In deciding a motion for summary judgment, the court may consider pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). Summary judgment, where appropriate, maybe entered against the moving party or may be entered as to certain issues but not others which present a genuine issue of material fact. Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The nonmoving party cannot defeat the motion for summary judgment merely by resting on his or her pleadings or on bare assertions of disputed facts. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the non-moving party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
We begin with the proposition that the kindred doctrines of collateral estoppel and res judicata may properly be asserted as a defense on a motion for summary judgment. Dowd v. Morin, 18 Mass.App.Ct 786, 789 n. 9 (1984). See also Fidler v. E.M. Parker Co., 394 Mass. 534, 539 (1985). To that end, we observe that, “A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . .” Montana v. United States, 440 U.S. 147, 153 (1979), quoting Southern Pac. R.R. v. Untied States, 168 U.S. 1, 48-49 (1897). Fidler, 394 Mass. 534, 539 (1985). “(0]ne not a party to the first action may use a judgment in that action defensively against a party who was plaintiff in the first action on the issues which the judgment was decided.” Id. at 541, quoting Home Owners Fed. Sav. & Loan Ass’n v. Northwestern Fire & Marine Ins. Co., 354 Mass. 448, 455 (1968). The doctrine of collateral estoppel, therefore, does not require mutuality of parties, as long as there is an identity of issues, a finding adverse to the party against whom the doctrine is asserted, and a judgment by a court or tribunal of competent jurisdiction. Martin v. Ring, 401 Mass. 59, 61 (1987).
If those three preconditions obtain, the central inquiry then becomes whether the issue on which preclusion is sought has been “the product of full litigation and careful decision.” Home Owners Fed. Sav. & Loan Ass’n, supra, at 455. “When arbitration affords opportunity for presentation of evidence and argument substantially similar in form and scope to judicial proceedings, the award should have the same effect on issues necessarily determined as a judgment has.” Bailey v. Metropolitan Property & Liab. Ins. Co., 24 Mass.App.Ct. 34, 36-37 (1987), quoting Restatement (Second) of Judgments §84 comment c (1982). An arbitration decision can have preclusive effect in a later suit between the same parties or their privies. Id. at 36. We shall examine the circumstances at bar to determine whether or not the cited principles support the invocation of preclusion urged by defendant.
I. Issue Preclusion
Kapulka argues that the doctrine of collateral es-toppel applies to Mrs. Jones’ claim against him. That is, Kapulka contends that, because Mrs. Jones availed herself of the opportunity fully to argue the amount of damages that her husband suffered at the arbitration she elected to pursue against Henderson and Bay State Taxi, the arbitrator’s decision on that issue is binding upon Mrs. Jones, in the present case.
*738 That the instant defendant was not a party to the arbitration is no reason to relieve the plaintiff of the consequences of her choice to arbitrate her claims against other, similarly situated defendants. Where a plaintiff had a full and fair opportunity to arbitrate the extent of her total damages, the arbitrator’s decision calculating the amount of the plaintiff s total damages is binding in the plaintiffs later action against a different defendant who was not a party to the plaintiffs earlier arbitration. Miles v. Aetna Cas. and Sur. Co., 412 Mass. 424, 428-429 (1992).
Miles is particularly pertinent to the instant dispute. In Miles, the plaintiff sought to recover underin-surance benefits from her own insurer. Id. at 425-426. She then filed a demand for arbitration of the claim. The only issue before the arbitrator was the extent of the total value of damages the plaintiff suffered as a result of the accident. The arbitrator determined that the amount of the plaintiffs total damages was $65,000. The arbitrator then ordered that the plaintiffs insurer pay her $5,000, because she had already collected $60,000 as a result of a settlement with other defendants involved in the accident. Following the arbitration, the Miles plaintiff applied for underinsurance benefits from her son’s insurer, Aetna Casualty & Surety Co. The trial court granted summary judgment in Aetna’s favor. On appeal, the Supreme Judicial Court affirmed the grant of summary judgment, noting that “(w]hen arbitration affords the opportunity for presentation of evidence and argument substantially similar in form and scope to judicial proceedings, the award should have the same effect on issues necessarily determined as a judgment has.” Id. at 427. In sum, the Court held that the prior arbitration decision collaterally estopped the plaintiff from proceeding against Aetna notwithstanding Aetna was not a party to the arbitration. Id. at 430. Miles is most persuasive that the arbitrator’s decision as to the amount of damages suffered by Jones ought, therefore, to bar further litigation of the damages issue under the doctrine of collateral estoppel because Mrs. Jones fully litigated the extent of her husbands injuries. To hold otherwise might encourage redundant litigation and permit inequitable windfalls for claimants. This Court declines so to do.
II. Kapulka’s Right to Offset
Kapulka next contends that G.L.c. 231B, §4 entitles him to a full offset of the amount that Henderson and Bay City Taxi paid to Mrs. Jones to obtain release from liability. The arbitrator found that Jones’ damages totaled $22,170.45, an amount which, for the reasons stated supra, caps the damages for which Kapulka may be liable. Bay City Taxi paid Mrs. Jones $25,000 in settlement of her claims against Bay City Taxi and Henderson.[4]
G.L.c. 23 IB, §4 provides in pertinent part: “[w]hen a release ... is given in good faith to one of two or more persons liable in tort for the same injury . . . [i]t shall reduce the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is greater . . .” Kapulka is, accordingly, entitled to an offset of $25,000 against any damages Mrs. Jones might obtain against him. That offset exceeds the maximum amount of damages for which he might be found liable after trial. As a result, there remains for trial no genuine issue of material fact as to damages, and judgment must, therefore, enter in favor of Kapulka as a matter of law.
ORDER
For the foregoing reasons, it is hereby ordered that Kapulka’s motion for summary judgment be ALLOWED and the action against him is DISMISSED.

 In evaluating a motion for summary judgment, this Court must rely on both facts not in dispute and disputed facts viewed in the light most favorable to the nonmoving party. Beal v. Board of Selectmen of Hingham, 419 Mass. 535, 539 (1995). Consequently, the facts presented below are presented in the light most favorable to the plaintiffs and should not be misunderstood as findings of the Court.

 The taxi was owned by Henderson’s employer, Bay City Taxi, Inc.

 On March 7, 1999, Jones died of causes unrelated to the car accident.

 Mrs. Jones collected an amount in excess of the arbitrator’s award due to a high-low arbitration agreement executed between Mrs. Jones, Donna Henderson and Bay City Taxi, Inc. which provided that any arbitration award lower than a stated minimum would result in a payment of at least $25,000. The excessiveness of the payment to Mrs. Jones is of no consequence to the analysis at bar.