Meggan O'CONNELL

v.

**FEDERAL INSURANCE COMPANY.**

**Civil Action No. 06–10741–RWZ.**

United States District Court,
D. Massachusetts.

March 27, 2007.

**224**

William F. York, Gilman, McLaughlin & Hanrahn, LLP, Boston, MA, for Meggan O'Connell.

Mark W. Corner, Riemer & Braunstein LLP, Boston, MA, for Federal Insurance Company.

## MEMORANDUM OF DECISION AND ORDER

ZOBEL, District Judge.

Plaintiff Meggan O'Connell (O'Connell), an insured, brings this action against her insurer, defendant Federal Insurance Company ("Federal") for breach of contract arising out of defendant's refusal to pay plaintiff's insurance claim.

Defendant now moves for judgment on the pleadings (Docket # 8) under Fed. R.Civ.P. 12(c) on the ground that plaintiff is bound by the decision of the arbitrator in a high/low arbitration in which she participated with a third party. Plaintiff opposes the motion. For the reasons that follow, defendant's motion for judgment on the pleadings is denied.

## I. Background

More than ten years ago, on March 25, 1996, plaintiff was injured in a car accident that occurred in Rhode Island. At the time of the accident, she was a passenger in a vehicle owned and operated by her friend, John McMeel ("McMeel"). The vehicle in which she was traveling was struck by a vehicle owned and operated by Enrique Mera ("Mera"). Plaintiff filed suit against Mera in Rhode Island Superior Court alleging that he negligently operated his vehicle, which negligence caused her significant physical injury. At the time of the accident, Mera was insured by Metropolitan Group ("Metropolitan") under a policy with a $25,000 limit, and McMeel was insured by defendant Federal under a policy containing underinsured motorist coverage for liability in the amount of $500,000.

Plaintiff invited Mera and his insurer, Metropolitan, and McMeel and his insurer, Federal, to participate in a "high/low" arbitration. Mera and Metropolitan agreed; defendant Federal declined. Under such "high/low" arbitration, the "high" award limit would be the full amount of bodily injury insurance on Mera's automobile policy. The arbitrator awarded plaintiff the amount of $28,783.46. Pursuant to this award, Mera's insurer paid the limit of his policy of $25,000.

Plaintiff then made a demand upon Federal for coverage under the "uninsured/underinsured motor protection provision" of McMeel's policy. Defendant does not dispute that the underinsured motorist protection provision of the Federal policy entitles plaintiff to recover, defendant nonetheless has offered to pay only the amount over and above that amount paid by Mera's insurer: $3,783.46. The instant suit followed.[1]

---

**1.** Plaintiff initially filed this action in the Middlesex County Superior Court. Defendant re- moved the action to this court.

## II. Discussion

When considering a motion for judgment on the pleadings under Fed.R.Civ.P. 12(c), the "court must accept all of the nonmoving party's well-pleaded factual averments as true and draw all reasonable inferences in her favor." *Feliciano v. Rhode Island,* 160 F.3d 780, 788 (1st Cir. 1998). Judgment on the pleadings "may not be entered unless it appears beyond a doubt that the nonmoving party can prove no set of facts in support of her claim which would entitle her to relief." *McCord v. Horace Mann Ins. Co.,* 390 F.3d 138, 141 (1st Cir.2004) (internal citations omitted).

Here, defendant contends that plaintiff is bound by the outcome of the high/low arbitration under principles of res judicata and collateral estoppel, and therefore she is only entitled to the amount the arbitrator awarded: $28,783.46.[2] Thus, it has agreed to pay the difference ($3,783.46) between the amount awarded and the amount Metropolitan Group has paid. By contrast, plaintiff contends that she is not precluded from proceeding separately against Federal due to the arbitration with Metropolitan Group. Rather, because Federal did not participate in the arbitration, the decision of the arbitrator has no effect vis-a-vis Federal. Thus, plaintiff seeks damages from Federal in the amount of her damages in excess of $25,000.

## B. Claim Preclusion (Res Judicata)

■ It is well established that "[t]hree conditions must be met in order to justify an application of the [res judicata] doctrine: (1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." *Perez v. Volvo Car Corp.,* 247 F.3d 303, 311 (1st Cir.2001) (internal citations omitted); *see also Heacock v. Heacock,* 402 Mass. 21, 23, 520 N.E.2d 151 (1988) (same). It is also well-established that "[a]n arbitration award [ ] has res judicata effect ... as to any matter actually decided by the arbitrator or necessary to his or her decision." *Chestnut Hill Dev. Corp. v. Otis Elevator Co.,* 739 F.Supp. 692, 697 (D.Mass.1990).

■ This argument is easily dismissed. Here, the third prong, i.e., "identicality between the parties" is not met. *See Montana v. United States,* 440 U.S. 147, 154, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979) ("Preclusion of ... nonparties falls under the rubric of collateral estoppel rather than res judicata."); *Perez v. Volvo,* 247 F.3d 303, 311 (1st Cir.2001) (reversing grant of summary judgment on ground that res judicata did not apply because there was no identicality of the parties). Thus, this defense is unavailing.

## C. Issue Preclusion (Collateral Estoppel)

■ By contrast with claim preclusion, the doctrine of issue preclusion[3] "pre-

---

**2.** There has been some dispute about whether the arbitration award at issue here was confirmed by a state court and whether such award can be given preclusive effect even if unconfirmed. (*See* Docket # 12, Pl.'s Opp. to Def.'s Motion for Judgment on the Pleadings at 7). So long as the criteria for issue and claim preclusion have been met, courts have generally given preclusive effect to both confirmed and unconfirmed awards. *See, e.g., Cannavo v. Enterprise Messaging Servs., Inc.,* 982 F.Supp. 54, 59 n. 1 (D.Mass.1997)

("[e]ven if the arbitration award were not confirmed, it might still have preclusive effect").

**3.** I note that plaintiff contends that Rhode Island's substantive law of collateral estoppel applies under a conflict of law analysis. Defendant disagrees. It is axiomatic that "[t]he first step in performing a choice of law analysis is to determine whether there is a conflict between the substantive laws of the interested jurisdictions." *Millipore Corp. v. Travelers In-*

vents re-litigation of an issue where the following four-pronged test is met": "(1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and binding final judgment; and (4) the determination of the issue must have been essential to the judgment." *Grella v. Salem Five Cent Sav. Bank,* 42 F.3d 26, 30 (1st Cir.1994). *See also Bourque v. Cape Southport Associates, LLC,* 60 Mass.App.Ct. 271, 273, 800 N.E.2d 1077 (2004). Courts have also recognized that "[t]he guiding principle in determining whether to allow defensive use of collateral estoppel is whether the party against whom it is asserted lacked full and fair opportunity to litigate the issue in the first action." *In re Sonus Networks, Inc. Shareholder Deriv. Litig.,* 422 F.Supp.2d 281, 288 (D.Mass.2006) (internal citations omitted).

■■ In addition, it is well-settled that issue preclusion may apply to arbitration proceedings. *See, e.g., LaRosa v. United Parcel Service,* 23 F.Supp.2d 136, 150 (D.Mass.1998) ("the prior submission of a claim to arbitration may result in [ ] issue preclusion in a judicial proceeding if arbitration affords the opportunity for presentation of evidence and argument substantially similar in form and scope to judicial proceedings.") (citing *Miles v. Aetna Casualty & Surety Co.,* 412 Mass. 424, 427, 589 N.E.2d 314, 317 (Mass.1992)). The party claiming the defense of issue preclusion, here Federal, has the burden of establishing that the doctrine applies. *See In re Sonus Networks, Inc. Shareholder Deriv. Litig.,* 422 F.Supp.2d 281, 288 (D.Mass. 2006).

Applying the four-part issue preclusion test, the court first turns to the question of whether there is identicality of issues. Defendant argues that plaintiff is barred by the doctrine of issue preclusion from litigating against Federal because plaintiff presented evidence of her injuries at the arbitration which the arbitrator determined to be $28,783.46.[4] Courts have recognized that, "an issue may be conclusively resolved for purposes of issue preclusion even if it is not explicitly decided, for it may have constituted, logically or practically, a necessary component of the deci-

---

*demnity Co.,* 115 F.3d 21, 29 (1st Cir.1997). Here, there is no difference between the substantive law of Rhode Island and Massachusetts with respect to issue and claim preclusion. *See, e.g.,* res judicata: *Daluz v. Dep't of Correction,* 434 Mass. 40, 45, 746 N.E.2d 501, 505 (2001) (under Massachusetts law, "[t]hree elements are essential for invocation of [res judicata] claim preclusion: (1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits."); *Town of Richmond v. Wawaloam Reservation,* 850 A.2d 924, 932 (R.I.2004) (same); collateral estoppel: *Commonwealth v. Chapman,* 444 Mass. 15, 21, 825 N.E.2d 508, 513 (Mass. 2005) (under Massachusetts law, "[c]ollateral estoppel [issue preclusion] is available to a defendant ... where there is (1) a common factual issue; (2) a prior determination of that issue in litigation between the same parties; and (3) a showing that the determination was

in favor of the party seeking to raise the estoppel bar.") (internal citations omitted); *Foster–Glocester Regional School Committee v. Board of Review,* 854 A.2d 1008, 1014 (R.I. 2004) (same). Accordingly, I need not resolve this dispute. *See Lambert v. Kysar,* 983 F.2d 1110, 1114 (1st Cir.1993) ("We need not resolve the issue [of which state law applies], however, as the outcome is the same under the substantive law of either jurisdiction.").

**4.** Indeed, defendant states in its motion for judgment on the pleadings: "Presumably, O'Connell presented objective, documentary evidence of her medical treatment, medical expenses, and loss of earning capacity." (Def.'s Mem. of Law in Support of Def's Mot. for Judgment on the Pleadings at 7 n. 3 (Docket # 9)). This court declines to grant judgment on the pleadings on the basis of such presumption.

sion reached in the prior litigation." *Grella,* 42 F.3d at 31.

However, here, the record is simply devoid of sufficient evidence to warrant the grant of defendant's motion for judgment on the pleadings. Neither plaintiff nor defendant has presented any information regarding what issue or issues was decided in the arbitration, what evidence was presented, whether the arbitrator knew of Metropolitan's policy limits and whether his award was constrained by such policy limits. Absent such information, this court cannot determine whether there is "identity of issues" warranting issue preclusion. *See, e.g., Certain Underwriters at Lloyd's, London v. Warrantech,* No. 04–CV–208–A, 2004 WL 1908241, at *4 (N.D.Tex. Aug. 24, 2004), *overruled on other grounds,* 461 F.3d 568 (5th Cir.2006) (granting plaintiff's motion for summary judgment and rejecting defendants' defense that plaintiff's case was barred by issue preclusion due to an earlier arbitration award where there were no findings by the arbitration panel; the court reasoned that it was "not persuaded that the issues raised here were by necessary implication decided in the arbitration proceeding."); *Astrea United Investments, L.P. v. Onitiri,* No. 92 Civ. 0581, 1992 WL 346353, at *3 (S.D.N.Y. Nov. 18, 1992) ("there was no occasion for the arbitrators to consider an award against any but the [parties to the arbitration]. Second, there is nothing but speculation to support the view that the arbitrators were aware of the alter ego claims now being pressed, and that their award constituted a rejection of those claims.").

Indeed, courts have noted that "[a]pplication of [ ] estoppel following arbitration, however, may be problematic because arbitrators are not required to provide an explanation for their decision." *Postlewaite v. McGraw–Hill, Inc.,* 333 F.3d 42, 48 (2d Cir.2003). While the absence of written findings "has not prevented the

application of issue preclusion in other cases involving arbitration awards," nevertheless, "the party [seeking preclusion] must introduce a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action." *Taines v. Bear, Stearns & Company, Inc.,* No. 87–6423, 1988 WL 82827, at *2 (9th Cir.1988) (internal citations omitted). From that evidence, "[n]ecessary inferences ... will be given preclusive effect." *Id.* Here, Federal bears the "burden of showing with clarity and certainty what was determined by the prior judgment." *Clark v. Bear, Stearns & Company, Inc.,* 966 F.2d 1318, 1321 (9th Cir.1992). It has failed to do so.

For the same reasons, the court cannot evaluate whether plaintiff had a "full and fair" opportunity to litigate the issue defendant seeks to estop her from making. *See In re Sonus,* 422 F.Supp.2d at 288. Plaintiff argues that she did not have a full and fair opportunity to present her claims because "the gathering and presentation of the evidence at the arbitration was appropriate to the amount in controversy (*i.e.,* $25,000) as a result of [Federal's] refusal to participate in the proceeding" (Docket # 6, Amended Complaint ¶ 7), and that "the arbitration finding resulted from a level of participation of evidence appropriate for the amount at stake." (*Id.* ¶ 10; *see also* Docket # 12, Pl.'s Opp. to Def.'s Motion for Judgment on the Pleadings at 9). That is, she alleges that she presented limited evidence as a result of the limited amount of Mera's policy. Without some evidence of what the arbitrator in fact considered, this court cannot conclude that plaintiff had a full and fair opportunity to litigate the issue.

### III. Conclusion

Accordingly, defendant's motion for judgment on the pleadings pursuant to

Fed.R.Civ.P. 12(c) (Docket # 8) is DENIED.